**Frank DONNELL, Plaintiff,**

v.

**NATIONAL GUARD BUREAU, et al., Defendants.**

Civ. A. No. 82–3232.

United States District Court, District of Columbia.

May 24, 1983.

Emmanuel D. Akpan, Washington, D.C., for plaintiff.

Robert C. Seldon, Asst. U.S. Atty., Thomas C. Wright, Asst. to the Gen. Counsel, Dept. of the Army, Washington, D.C., for defendants.

MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action is before the Court on defendants' motion to dismiss. Defendants allege that venue is improper in this judicial dis-

trict. In addition, the nine individuals named as parties seek dismissal because they have not been personally served. Finally, five of the individual defendants argue that the Court lacks personal jurisdiction over them. For the reasons set forth below, the Court finds that venue is not proper in this district, and transfers this case to the United States District Court for the Eastern District of Virginia.

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* ("Title VII") alleging racial discrimination affecting terms of his employment.

Plaintiff is a civilian employed by the National Guard Bureau's Office of Human Resources in Falls Church, Virginia, as an equal employment opportunity official. Defendants in this action are the National Guard Bureau and nine individuals who allegedly participated in making discriminatory employment decisions affecting plaintiff.

■ Suits brought under Title VII are subject to a special provision governing venue. Such suits

> may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). This provision controls any other venue provision governing actions. in federal court. *Stebbins v. State Farm Mutual Automobile Insurance Co.,* 413 F.2d 1100 (D.C.Cir.), *cert. denied,* 396 U.S. 895, 90 S.Ct. 194, 24 L.Ed.2d 173 (1969) (*Stebbins*). Defendants argue that venue is not proper in the District of Columbia because the alleged unlawful acts were committed in Virginia, the relevant employment records are located there, and

plaintiff would be employed there had the alleged acts not been committed.

Plaintiff asserts that contrary to defendants' contention, the alleged acts of discrimination were committed in the District of Columbia, at the National Guard Bureau and the U.S. Army Military District of Washington (AMDW). He asserts that these two organizations are located in the District of Columbia, on the basis of the letterhead address on letters he received. Defendants point out that while the mailing address for the National Guard Bureau is Washington, D.C., the physical location of that organization is in the Pentagon, located in Arlington, Virginia. Third Affidavit of Thomas C. Wright, ¶ 2 ("Third Wright Affidavit"). Furthermore, defendants assert that although three individual defendants signed letters on the letterhead of the AMDW because they are under the AMDW organizationally, their principal place of business is in the Pentagon. *Id.* Finally, defendants assert that any decisions concerning plaintiff's responsibilities in the Office of Human Resources were made at the Columbia Pike Office Building in Falls Church, Virginia, or at National Guard Headquarters in Arlington, Virginia. Affidavit of Thomas C. Wright, ¶ 4 ("Wright Affidavit"). Defendants do not deny that two officials of the Civilian Personnel Directorate and one official of the Equal Employment Opportunity branch of the AMDW work in the District of Columbia.

Venue determinations of where a claim arose are based on a "commonsense appraisal" of events having operative significance in the case. *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C.Cir.1978). Title VII determinations of the locus of disputed employment practices should be examined in a similar vein. It seems clear that a substantial part, if not all, of the employment practices challenged in this action were committed in Virginia at the National Guard Bureau office where plaintiff is employed. While the decisions of individuals at the Equal Employment Opportunity branch and the Civilian Personnel Directorate of the AMDW may have had an impact on plaintiff's situation, the focus of his complaint is the National Guard Bureau.

■ Plaintiff contends that the government should be estopped from raising the actual location of the National Guard Bureau and AMDW at the Pentagon in Arlington, Virginia, because of letters he received with a Washington, D.C. mailing address. Even if the Court accepted plaintiff's contention, venue would remain improper here: the principal office of an agency supports venue only if all three prior venue provisions cannot be satisfied in any judicial district. *See* 42 U.S.C. § 2000e–5(f)(3); *Ford v. Valmac Industries, Inc.,* 494 F.2d 330 (10th Cir.1974); *Stebbins,* 413 F.2d at 1103; *Turbeville v. Casey,* 525 F.Supp. 1070, 1072 (D.D.C.1981). Applying equitable estoppel to the defendants' use of a Washington, D.C. mailing address is inappropriate because there is no indication defendants intended to induce plaintiff to bring suit in the District of Columbia rather than Virginia and plaintiff could easily have determined defendants' actual addresses.

In these circumstances, a just remedy for the misunderstanding regarding the defendants' addresses and principal places of business is to transfer the action to the district where it could have been brought, under 28 U.S.C. § 1406(a). Section 1406(a) provides that "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." The Title VII venue provision, 42 U.S.C. § 2000e–5(f)(3) indicates transfer under 28 U.S.C. § 1406(a) was contemplated: "For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

The motion to dismiss for lack of personal jurisdiction challenged the Court's personal jurisdiction over defendants Marsh, Friedland, Tedesco, and Horn because their residence and principal place of business is not in the District of Columbia. That issue is mooted by the transfer of the case.

■ Plaintiff conceded that service by certified mail on the individual defendants was ineffective under Fed.R.Civ.P. 4(d) at the time he effected service. However, "dismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Novak v. World Bank,* 703 F.2d 1305 at 1310 (D.C.Cir.1983). Since service can be effected on the individual defendants, the Court denies the motion to dismiss the nine individual defendants for lack of proper service.