**AMERICAN BEEF PACKERS, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents,**

**Burlington Northern Railroad Company, Intervenor.**

No. 83–1211.

United States Court of Appeals, District of Columbia Circuit.

Submitted April 12, 1983.

Decided July 5, 1983.

J. Carol Brooks, Atty., I.C.C., Washington, D.C., for respondent.

Eugene D. Anderson, Washington, D.C., for petitioner.

Before MIKVA and EDWARDS, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

The instant motion requires this court to determine whether a litigant has selected the proper forum for review of an agency decision, given a statute which bifurcates judicial review between the district courts and the courts of appeals. It is settled in this circuit that an appeal of an Interstate Commerce Commission (ICC) order involving the payment of money must be taken initially to the district court. In its present posture, the attempted appeal seeks review of an ICC order denying monetary reparations and consequently should have been taken to the district court. Formerly the practice of this court would have been to dismiss the petition for review. However, a relatively new statutory provision authorizes the court to transfer such actions to the court in which the petition for review should have been filed. We exercise our authority under 28 U.S.C.A. § 1631 (West Supp.1982) and transfer this case to the district court.

## I.

In March of 1973 American Beef Packers, Inc. (American Beef Packers) complained to the ICC about rates charged by Burlington Northern, Inc. (Burlington) for trailer-on-flatcar shipments of meat from Fort Morgan, Colorado to Chicago, Illinois. An Administrative Law Judge (ALJ) found that Burlington's rates were unreasonable and discriminatory. The ALJ ordered Burlington (1) to cease and desist from charging the unlawful rates and to establish new rates, and (2) to pay American Beef Packers monetary reparations.

1. The Commission, under 49 U.S.C. § 10505, exempted from regulation rail and truck transportation provided by rail carriers in connection with trailer-on-flatcar and container-on-flatcar service. Improvement of TOFC/COFC Regulations, 364 I.C.C. 391 (1980), 365 I.C.C.

Burlington appealed to the ICC. Before the ICC acted on the appeal, American Beef Packers filed a bankruptcy petition. The ICC granted American Beef Packers' request to hold the case in abeyance pending the outcome of the bankruptcy proceedings. Years later the case was placed on the ICC's active docket, and in December of 1982 the ICC reversed the ALJ's initial decision awarding reparations. ICC Decision No. 35802 (December 30, 1982) (unpublished). The ICC did not act on the cease and desist order because during the years the proceedings had been inactive, the ICC had deregulated trailer-on-flatcar traffic.[1] *Id.* American Beef Packers appealed to this court. The ICC moves to dismiss.

## II.

The statutory provisions governing direct review jurisdiction over ICC orders provide at 28 U.S.C. § 2342 (1976):

The court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—

\*　　\*　　\*　　\*　　\*　　\*

(5) all rules, regulations or final orders of the Interstate Commerce Commission made reviewable by section 2321 of this title.

Section 2321 provides that "[e]xcept as otherwise provided by an Act of Congress" all proceedings to enjoin or set aside ICC orders shall be brought in the Court of Appeals. *Id.* § 2321(a). A major exception to jurisdiction in the Court of Appeals is Section 1336(a) which provides:

(a) Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, in whole or in part, any order of the Interstate Commerce Commission, and to enjoin or suspend, in whole or in part, *any order of the Interstate*

728 (1982). *See American Trucking Associations, Inc. v. ICC,* 656 F.2d 1115 (5th Cir.1981) (ICC did not exceed its authority in exempting trailer-on-flatcar and container-on-flatcar service from regulation).

*Commerce Commission for the payment of money* or the collection of fines, penalties, and forfeitures. (emphasis added)

*Id.* § 1336(a). The jurisdiction of the district courts and the courts of appeals is on the whole mutually exclusive.[2]

This court has three times construed Section 1336(a) literally.[3] In *Aluminum Co. of America v. ICC,* 553 F.2d 1268 (D.C.Cir. 1977) (per curiam) this court, on a motion to dismiss, found that the challenged ICC orders denying the petitioners' over-charge claims were properly reviewable in the district court because they involved the payment of money. This court in *Genstar Chemical Ltd. v. ICC,* 665 F.2d 1304 (D.C. Cir.1981) *cert. denied,* 456 U.S. 905, 102 S.Ct. 1750, 72 L.Ed.2d 161 (1982) dismissed a petition for review challenging the ICC's partial denial of a refund because it involved the payment of money. Finally, on jurisdictional grounds, the court dismissed an ICC order awarding reparations because it involved the payment of money in *Consolidated Rail Corp. v. ICC,* 685 F.2d 687 (D.C. Cir.1982).

■ The ICC's deregulation of trailer-on-flatcar shipments left only the ALJ's order for reparations subject to meaningful review by the Commission. The ICC decision thus reviews *only* the propriety of the reparations award. Consequently, jurisdiction of the cause required that the petition for review should have been filed in the district court.

■ Prior to October, 1982 the determination that the action was filed in the wrong court would have warranted dismissal. However, the Federal Courts Improvement Act contains a provision authorizing transfer between courts of appeals and district courts. The transfer section in 28 U.S.C. § 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been. brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

*Id.*

Passages of the legislative history indicate that Congress contemplated that the provision would aid litigants who were confused about the proper forum for review. *See* S.Rep. No. 275, 97th Cong., 2d Sess. 11 (1981), U.S.Code Cong. & Admin.News 1982, p. 11. In this case the ICC order obtained from the ALJ was originally a cease and desist order appealable to this court. *See* 28 U.S.C. § 2321 (1976). The intervening deregulation of the trailer-on-flatcar traffic left only the reparations order subject to ICC review and must be reviewed in the district court. *Id.* § 1336(a). *See Aluminum Co. v. ICC, supra.* The change in the nature of the appeal may have caused confusion as to the proper forum for judicial review. It is therefore,

ORDERED by the court that the petition for review is transferred to the United States District Court for the District of Columbia Circuit.

---

2. The courts of appeals, however, may review ICC reparations orders when they accompany other reviewable orders, such as cease and desist orders. *See, e.g., Bangor & Aroostook R. Co. v. ICC,* 574 F.2d 1096 (1st Cir.), *cert. denied,* 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978).

3. Other circuits have adopted a rule of jurisdiction which focuses on the character and importance of the legal issues involved. *See, e.g.,* *Empire-Detroit Steel Div. of Cyclops Corp. v. ICC,* 659 F.2d 396 (3rd Cir.1981) (ICC Order denying reparations on legal or policy grounds is reviewable in the courts of appeals); *Island Creek Coal Sales Co. v. ICC,* 561 F.2d 1219, 1222 (6th Cir.1977) (review of ICC order denying reparations available in court of appeals where ICC rate making authority is challenged).