814 F.2d 1350
 16 Bankr.Ct.Dec. 172, Bankr. L. Rep. P 71,751
 In re J.D. McCAULEY, dba City Investment and Trust Co.;
Pacific International Leasing Corp., aka Pacific
International Corporation, Debtors.
Stephen R. HARRIS, as Trustee for J.D. McCauley, dba City
Investment and Trust Co., Plaintiff-Appellee,
v.
Joe E. McCAULEY and Dorothy E. McCauley, Defendants-Appellants.
 No. 86-1734.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 15, 1987.
Decided April 13, 1987.
 
 Robert J. Begley, Mill Valley, Cal., for defendants-appellants.
 Stephen R. Harris, Reno, Nev., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Nevada.
 Before ANDERSON, SKOPIL, and CANBY, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 Appellants appeal from a decision rendered out of bankruptcy court by a district judge in which a transfer of property to them from their son was voided. Appellants in-correctly filed a notice of appeal to the district court, which dismissed it for lack of jurisdiction. The district court failed to transfer the case to the Ninth Circuit pursuant to 28 U.S.C. Sec. 1631 (West Supp.1986). We deem the case transferred and affirm.
 
 FACTS
 
 2
 In September, 1979, appellants purchased a piece of property ("the Susanville property") for $16,500. Their son, the debtor in the bankruptcy case, bought property ("the Truckee property") in June, 1981 for $160,000. His equity in the property was $35,000. The quitclaim deed of the Truckee property from the son to appellants was executed in October, 1981. It recited that "valuable consideration" had been received, but none actually was received contemporaneously. In February, 1982, appellants quitclaimed the Susanville property to their son. This transfer was the purported consideration for the October, 1981 transfer. Beyond the exchange of properties, no additional consideration exchanged hands.
 
 
 3
 On June 10, 1982, the son filed for reorganization under Chapter 11 of the Bankruptcy Code, which was later converted to a Chapter 7 liquidation. Four days later, on the advice of counsel, the son executed a quitclaim deed of the Susanville property back to appellants and appellants quitclaimed the Truckee property back to their son. This was done on the apparent belief that the original exchange of properties would be avoided by the bankruptcy court due to lack of consideration.
 
 
 4
 On October 7, 1982, the bankruptcy trustee, appellee in this appeal, brought an action against appellants to avoid the post-petition transfer of the Susanville property pursuant to 11 U.S.C. Sec. 549(a)(1979). This avoidance would give the bankruptcy estate title to the Susanville property. A hearing was held on December 10, 1982 in front of Bankruptcy Judge Lloyd George. He took the case under submission and issued a decision 20 months later. During that 20-month period, George became a district judge.
 
 
 5
 The judgment by Judge George ordered the transfer of the Susanville property from the son to appellants avoided and title to the property vested in the Trustee. This judgment was issued out of bankruptcy court by a district judge.
 
 
 6
 Appellants timely appealed. They appealed, however, to the district court instead of to the Ninth Circuit.The district court dismissed for lack of jurisdiction, citing 28 U.S.C. Sec. 158 (1968) as its basis for dismissal: "[Section] 158 grants district courts jurisdiction to hear appeals from final judgments of bankruptcy judges, not bankruptcy courts." (ER p. 17). This appeal followed.
 
 STANDARD OF REVIEW
 
 7
 The existence of jurisdiction to hear this appeal presents a question of law subject to de novo review. Peter Starr Production Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). Likewise, interpretation of a statute is a question of law reviewed de novo. See, e.g., Trustees of Amalgamated Ins. Fund v. Geltman Industries, 784 F.2d 926, 929 (9th Cir.1986).
 
 DISCUSSION
 
 8
 This case does not arise as an appeal from the final decision of a district court reviewing a bankruptcy court decision. Instead, the underlying issue on appeal comes to this court from a federal district judge sitting in bankruptcy. This Court recently has held that jurisdiction over such matters exists, but not under 28 U.S.C. Sec. 158. Appellate jurisdiction over appeals from district judges sitting in bankruptcy exists under 28 U.S.C. Sec. 1291 (West Supp.1986), the statute governing appeals from the final decisions of a district court. Klenske v. Goo (In re Manoa Finance Co.), 781 F.2d 1370, 1372 (9th Cir.1986).
 
 
 9
 Although this court generally has jurisdiction over such cases pursuant to Sec. 1291, the case at hand does not lend itself to an easy resolution of the jurisdiction question. When appellants filed their appeal from Judge George's decision, they appealed to the district court. As stated by the district court, "jurisdiction of [the] appeal would rest in the Ninth Circuit Court of Appeals" (ER 17). At that point, the proper action would have been for the district court to transfer the case pursuant to 28 U.S.C. Sec. 1631.
 
 
 10
 In the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, Sec. 301(a), 96 Stat. 25, 55 (1982), Congress provided a transfer remedy for parties who experience the kind of confusion as did appellants here. Congress created 28 U.S.C. Sec. 1631 which controls the action of a federal court when it finds that it lacks jurisdiction but that another federal court has authority to hear the case. In such an instance, the first federal court must transfer the case to the proper court, if transfer is in the interest of justice.
 
 
 11
 Section 1631 reads:Whenever a civil action is filed in a court ... or an appeal ... is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.
 
 
 12
 The section is entitled "Transfer to cure want of jurisdiction." It serves to "aid litigants who were confused about the proper forum for review." American Beef Packers, Inc. v. ICC, 711 F.2d 388, 390 (D.C.Cir.1983) (transferring to the district court a review proceeding filed in the circuit court). Such aid is needed here.
 
 
 13
 The D.C. Circuit and the Federal Circuit have transferred cases under Sec. 1631 on their own initiative in response to a motion to dismiss. See American Beef Packers, supra; United States v. John C. Grimberg Co., 702 F.2d 1362 (Fed.Cir.1983). But see Center for Nuclear Respons. v. U.S. Nuc.Reg.Comm'n, 781 F.2d 935 (D.C.Cir.1986). A motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions.
 
 
 14
 We therefore deem this case transferred to this court. This court's qualification as the proper forum also suggests the appropriateness of our rendering the transfer decision here. It would be a curious procedure to remand this case to the district court so that the district judge could decide whether or not to officially transfer it back to us. Nor is such a convoluted procedure necessary to a fair decision: it appears from the record that all the considerations relevant to "the interest of justice" are within our plain view. See Center for Nuclear Respon., 781 F.2d at 945 (Ginsburg, J., dissenting).
 
 
 15
 We now turn to the merits of this appeal, that is, whether the June 14, 1982 transfer from the son (the debtor) to appellants was a post-petition transfer, avoidable by the trustee.
 
 
 16
 Post-petition transfers are governed by 11 U.S.C. Sec. 549. That section provides as follows:
 
 
 17
 (a) Except as provided in subsection[s] (b) and (c) of this section, the trustee may avoid a transfer of property of the estate--(1) that occurs after the commencement of the case;....
 
 
 18
 Subsection (b) deals with involuntary cases and subsection (c) deals with good faith purchasers without knowledge of the commencement of the case. Neither apply here and consequently, according to the plain language of Sec. 549(a), such a transfer as occurred in this case is avoidable.
 
 
 19
 Appellants argue that 11 U.S.C. Sec. 550 (1979) works to avoid the impact of Sec. 549(a). Section 550(a) provides for recovering property that is avoidable:
 
 
 20
 Except as otherwise provided in this section, to the extent that a transfer is avoided under section ... 549 ..., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
 
 
 21
 (1) the initial transferee of such transfer ...;
 
 
 22
 or
 
 
 23
 (2) any immediate or mediate transferee of such initial transferee.
 
 
 24
 Section 550(c), upon which appellants rely, provides that the "trustee is entitled to only a single satisfaction under subsection (a) of this section." Appellants contend that if they are required to return the Susanville property, appellee will receive more than a single satisfaction since the estate was also allowed to keep the Truckee property. Although this argument may sound plausible in theory, appellants supply no case law to support such a proposition. Had appellants been good faith purchasers without knowledge of the commencement of the bankruptcy case, then either the transfer could not have been avoided or appellants would have had a lien on the property. 11 U.S.C. Sec. 549(c). As it is, appellants knew the bankruptcy petition had been filed. They voluntarily transferred the Truckee property back into the estate, accepting in return the post-petition transfer of the Susanville property. Such a transfer is avoidable under Sec. 549(a). Since appellants did not transfer the Susanville property to another party, requiring them to return that property constitutes a single satisfaction.
 
 
 25
 Appellants also put forth an argument based on Sec. 550(b) in that the trustee cannot "recover under section (a)(2) of this section from--(1) a transferee that takes for value, ... in good faith, and without knowledge of the voidability of the transfer avoided." Although appellants arguably meet the requirements listed above, appellee was not attempting to recover the property under section 550(a)(2). That section deals with immediate and mediate transferees. Such is not the case here.
 
 CONCLUSION
 
 26
 Had appellants not known that the bankruptcy petition had been filed, i.e., had they been good faith transferees, their interest in the property could have been protected under 11 U.S.C. Sec. 549(c). Had appellants transferred the property to any immediate or mediate transferee, the trustee might not have been able to recover from them under 11 U.S.C. Sec. 550(b). Had appellants been good faith transferees, any improvements made on the property could be secured. However, appellants do not fall into any of the above categories. The district judge, Judge George, properly ordered the transfer avoided.
 
 
 27
 JUDGMENT AFFIRMED.