36 F.3d 127
 308 U.S.App.D.C. 313
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Barrington F. WATKIS, Appellant,
v.
Togo WEST, Secretary, Department of the Army; William
Perry, Secretary, Department of Defense; Charles M. Wiker,
Defense Commissary Agency European Region; A. Neal Newman,
DA, Hq; Lawrence N. Self, DA, Hq; Curtis, DOD, Manager,
Defense Commissary Agency; Michael Ludd, DOD, Product
Manager, Defense Commissary Agency; James Becker, Col.;
William H. Ott, Col.
 No. 93-5241.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 25, 1994.
Rehearing and Suggestion for Rehearing In Banc
Denied Feb. 7, 1995.
 
 Before: MIKVA, Chief Judge; EDWARDS and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 36(b). Upon consideration of the foregoing and the "motion of discovery," it is
 
 
 2
 ORDERED AND ADJUDGED that the order of the district court filed April 28, 1993, be vacated and the case remanded for transfer to the United States District Court for the Eastern District of Virginia. Section 2000e-5(f)(3) of Title 42 lays venue for a Title VII action: (1) in any judicial district in the state where the unlawful employment practice is alleged to have taken place; (2) in the district where the relevant employment records are maintained and administered; or (3) in the district where the complainant would have worked, but for the unlawful practice. If the respondent cannot be "found" in any such district, venue is also proper in the district where the respondent has his "principal office."
 
 
 3
 In this case, venue is not appropriate in the District of Columbia under section 2000e-5(f)(3)'s first three criteria. Therefore, the only alternative is to look to the Secretary of the Army's "principal office." That office is located in the Pentagon, which, although carrying a District of Columbia mailing address, is located in Virginia. See Donnell v. National Guard Bureau, 568 F.Supp. 93 (D.D.C.1983). Therefore, the Eastern District of Virginia is the proper venue for this action.
 
 
 4
 Given appellant's pro se status and the understandable confusion concerning the location of the Secretary of the Army's "principal office," it is in the interest of justice to transfer this case to the Eastern District of Virginia, rather than to dismiss it. See 28 U.S.C. Sec. 1631; Five Flags Pipe Line Co. v. Department of Transp., 854 F.2d 1438, 1442 (D.C.Cir.1988); American Beef Packers, Inc. v. ICC, 711 F.2d 388, 390 (D.C.Cir.1983) (per curiam). It is
 
 
 5
 FURTHER ORDERED that the motion of discovery be denied. No such motion was filed in the district court, and this court will not consider it in the first instance.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.