Tarcila Tagalicud HOSE, In the Matter of the Application of petitioner, Petitioner–Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE; Donald A Radcliffe, District Director, Respondents–Appellees.

No. 97–15789.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1998.

Decided April 10, 1998.

As Amended April 24 and July 24, 1998.

---

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

George K. Noguchi, Honolulu, Hawaii, for appellant.

John J. Andre, Office of Immigration Litigation, Washington, DC, for appellee.

Before: SNEED, KOZINSKI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Tarcila Tagalicud Hose, a citizen of the Philippines, was ordered excluded from the United States because she did not have a valid visa. The order excluding Hose became final on April 25, 1997 when the Board of Immigration Appeals dismissed her appeal. On May 1, 1997, Hose petitioned the district court for a writ of habeas corpus, alleging procedural and constitutional claims. On May 2, 1997 the district court dismissed the petition for lack of subject matter jurisdiction, concluding that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, as amended Pub.L. No. 104–302, 110 Stat. 3657 (1996), effective April 1, 1997, removed the district court's habeas corpus jurisdiction under 28 U.S.C. § 2241 to review exclusion orders. Hose now appeals, contending the district court did have jurisdiction pursuant to both the United States Constitution and 28 U.S.C. § 2241. We agree with the district court and dismiss this appeal for lack of jurisdiction.

## FACTS

On January 31, 1993, Hose attempted to enter the United States at Honolulu International Airport. An officer of the Immigration and Naturalization Service ("INS") approved Hose's visa on the basis of her apparent marriage to a United States citizen and allowed Hose to proceed to the United States Customs area.

While Hose was in the Customs area, the INS officer questioned Hose's brother. The officer began to suspect Hose's marriage was a sham when he discovered that Hose's brother was married to her mother-in-law. INS officials then found Hose in the Customs area and brought her back into the INS area. The officers accused her of attempting to enter the United States based on a fraudulent marriage, cancelled her visa and designated her for exclusion proceedings. She was paroled into the United States pending the exclusion process.

While awaiting an exclusion hearing, Hose was indicted on November 10, 1993 on criminal charges related to her attempt to enter the United States without a valid visa. She moved to continue her exclusion hearing until after the criminal trial. The Immigration Judge ("IJ") denied her motion. The exclusion hearing was held on December 14, 1994, as scheduled. At that hearing, Hose claimed the protection of the Fifth Amendment and refused to testify as to her admissibility into the United States.

The IJ found Hose lacked a valid immigrant visa and ordered her excluded. Hose appealed to the Board of Immigration Appeals ("BIA"). The BIA upheld the IJ's rulings and dismissed her appeal. The IJ's removal order became final April 25, 1997. Hose then filed a petition in the district court for a writ of habeas corpus. The district

court dismissed the petition for lack of jurisdiction. Hose now appeals that dismissal. The issue we consider is whether the district court had subject matter jurisdiction to consider Hose's habeas petition. We conclude it did not and dismiss Hose's appeal.

## DISCUSSION

The district court dismissed Hose's habeas petition, holding that that court had been deprived of subject matter jurisdiction to entertain her habeas petition by 8 U.S.C. § 1252(g)(1997). This section provides:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.[1]

8 U.S.C. § 1252(g) (1997).

■ Section 1252(g) became effective April 1, 1997. *See I.N.S. v. Yang*, 519 U.S. 26, —— n. 1, 117 S.Ct. 350, 352 n. 1, 136 L.Ed.2d 288 (1996). This section applies "without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings...." 8 U.S.C. § 1252(g) (1997), IIRIRA § 306(c)(1). Section 1252(g) applies retroactively. *American–Arab Anti–Discrimination Committee v. Reno*, 119 F.3d 1367, 1372 (9th Cir.1997); *Ramallo v. Reno*, 114 F.3d 1210, 1213 (D.C.Cir.1997); *Lalani v. Perryman*, 105 F.3d 334, 336 (7th Cir.1997).

The claims Hose included in her habeas petition which she filed in the district court clearly concern claims arising from her pending exclusion proceeding. Thus, section 1252(g) applies to her case.

The IJ's removal order became final on April 25, 1997. On that date the BIA dismissed Hose's appeal from the IJ's exclusion determination. Section 1252 gave Hose thirty days from April 25, 1997 to file a petition for review with this court. 8 U.S.C. § 1252(b)(1) & (2). She did not do so. Instead, on May 1, 1997, she filed a petition for habeas corpus with the district court. The district court dismissed that petition on May 2, 1997, by an order which informed Hose that the district court lacked jurisdiction under IIRIRA. Hose still had ample time to file her petition for review with this court, but again she did not do so. Instead, she chose to appeal from the district court's dismissal of her habeas petition.

■ Under IIRIRA, a person who wishes to challenge her final removal order in an exclusion proceeding has thirty days in which to file a petition for review with the applicable Circuit Court of Appeals. 8 U.S.C. § 1252(b)(1) & (2). The issue presented by this case is whether IIRIRA has withdrawn the district court's jurisdiction to entertain a habeas corpus petition filed under 28 U.S.C. § 2241, challenging an IJ's final removal order. If the district court did not have jurisdiction to entertain Hose's habeas petition, we do not have jurisdiction to entertain this appeal.[2]

Hose contends that because section 1252 does not specifically repeal a district court's habeas corpus jurisdiction under 28 U.S.C. § 2241, district courts still retain habeas jurisdiction to consider challenges to an IJ's exclusion order. In support of this contention, Hose relies on the rule against implied

---

**1.** References in this section to removal proceedings include exclusion and deportation proceedings. IIRIRA § 306(c).

**2.** Hose has not requested that we treat her petition for habeas review filed in the district court as a petition for review in this court and we do not do so. We have held that transfer pursuant to 28 U.S.C. § 1631 may be made on the court's own motion and is mandatory where section 1631 applies. *See In re McCauley*, 814 F.2d 1350, 1352 (9th Cir.1987). In the present case we conclude transfer was not mandatory because it was not necessary in the interest of justice.

*See* 28 U.S.C. § 1631. When the district court dismissed Hose's habeas petition for lack of subject matter jurisdiction, Hose still had ample time to file a petition for review in this court. The district court order dismissing Hose's petition clearly gave Hose notice of the proper procedures for seeking review of her claims. *Cf. McCauley*, 814 F.2d at 1352 (section 1631 aids confused litigants). For whatever reason, Hose made the choice to challenge the district court order rather than file her petition for review in this court.

repeal of jurisdiction as stated in *Felker v. Turpin*, 518 U.S. 651, 659–61, 116 S.Ct. 2333, 2338, 135 L.Ed.2d 827 (1996) and *Ex parte Yerger*, 8 Wall. (75 U.S.) 85, 105, 19 L.Ed. 332 (1868).

In *Felker*, the Supreme Court rejected the suggestion that its own original habeas jurisdiction, granted under section 2241, was repealed by the Antiterrorism and Effective Death Penalty Act of 1996 Pub.L. 104–132, 110 Stat. 1217 ("AEDPA"). *Felker*, 518 U.S. at 659–63, 116 S.Ct. at 2338–39. The Court reasoned that although Title I of the AEDPA

> bar[s] consideration of original habeas petitions in the courts of appeals … [and] precludes us from reviewing, by appeal or petition for certiorari, a judgment on an application for leave to file a second habeas petition in district court, it makes no mention of our authority to hear habeas petitions filed as original matters in this court."

*Id.* In other words, where the AEDPA precluded certain specific avenues for review, an avenue not mentioned (the Supreme Court's original habeas jurisdiction) was still available. *Felker's* reasoning was directly based on *Yerger*. *Id.*

At issue in *Yerger* was whether Congress's revocation in 1868 of appellate jurisdiction it had granted the year before also revoked earlier grants of jurisdiction. *Yerger*, 75 U.S. at 85. "In 1867, Congress greatly expanded the scope of federal habeas corpus." *Felker*, 518 U.S. at 659, 116 S.Ct. at 2338. Then, the next year, Congress repealed " 'so much of the [Act of 1867] as authorizes an appeal from the judgment of the circuit court to the Supreme Court of the United States…. ' Act of Mar. 27, 1868, ch. 34, § 2, 15 Stat 44." *Id. Yerger* held that the repealing language used was "not of doubtful interpretation" and left intact jurisdiction granted by the Constitution and earlier acts. *Yerger*, 75 U.S. at 105.

The language of IIRIRA is quite different. Section 1252(g) provides:

> *Except as provided in this section* and notwithstanding any other provision of law, *no court shall have jurisdiction* to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g) (1997) (emphasis added).

This language is clear. Except as provided in section 1252, federal courts are divested of all jurisdiction to hear any claim by any alien involving an immigration proceeding. This means that no federal court has jurisdiction to consider *any* such matter. Section 1252 gives this court jurisdiction to hear those claims by way of a petition for review of a final order of removal. 8 U.S.C. § 1252(b)(2). Section 1252 does not give the district court jurisdiction to hear Hose's habeas petition. Not having been granted jurisdiction under section 1252, that jurisdiction is removed just as the statute says it is.

The Seventh, Eleventh, and District of Columbia Circuits have reached this same conclusion. *See Yang v. I.N.S.*, 109 F.3d 1185, 1195 (7th Cir.1997) (section 1252 "abolishes even review under section 2241 …."), *cert. denied sub nom. Katsoulis v. I.N.S.*, —— U.S. ——, 118 S.Ct. 624, 139 L.Ed.2d 605 (1997); *Auguste v. Attorney General*, 118 F.3d 723, 725–26. (11th Cir.1997) (review of final orders of removal "can only be initiated in a court of appeals."); *Ramallo v. Reno*, 114 F.3d 1210 (D.C.Cir.1997) ("IIRIRA now undisputably deprives" the district courts of such jurisdiction). The First and Second Circuits have held that IIRIRA does not strip district courts of jurisdiction over habeas petitions challenging deportation orders. *See Goncalves v. Reno*, 144 F.3d 110, 113, 120–21 (1st Cir.1998); *Jean–Baptiste v. Reno*, 144 F.3d 212, 218–20 (2d Cir.1998). As these decisions are contrary to the clear language of section 1252, we must respectfully disagree with our two sister circuits.

■ Hose next contends that the Suspension Clause of the Constitution prohibits Congress from removing habeas corpus jurisdiction of the district courts to review exclusion orders. The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended unless when in Cases of Rebellion or invasion the public Safety may require it." U.S. Const. Art. I, § 9, cl. 2.

In 1953, the Supreme Court held that when Congress precluded all review of de-

portation orders to the fullest extent allowed by the Constitution, habeas review still remained. *Heikkila v. Barber,* 345 U.S. 229, 234–35, 73 S.Ct. 603, 605–06, 97 L.Ed. 972 (1953). Yet the Court has also concluded that a substituted procedure "which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 1230, 51 L.Ed.2d 411 (1977).

Under IIRIRA, Congress has not attempted to preclude all federal court review of orders to exclude or remove aliens. Rather it has provided a streamlined approach for consideration by the courts of appeals of claims arising from those orders and the procedures leading to them. *See* 8 U.S.C. § 1252(a)(1) and (b); see also H. Rep. No. 104–469(I), 104th Cong., 2d Sess. 359, 463 (1996) (reproduced at 1996 WL 168955). Because Hose fails to establish how direct review of her claims by this court would be inadequate or ineffective, application of section 1252(g) does not violate the Suspension Clause. *Cf. American–Arab,* 119 F.3d at 1373.[3]

### CONCLUSION

IIRIRA has withdrawn the district courts' jurisdiction to hear challenges to an IJ's order for exclusion or removal, even in section 2241 habeas corpus proceedings. The proper avenue for Hose to challenge the removal order, once it became final by the BIA's dismissal of Hose's appeal, would have been to file a petition for review in this court. Such a petition had to be filed within thirty days of the date of the BIA's dismissal of Hose's appeal. No such petition was filed.

The district court's dismissal of Hose's petition for a writ of habeas corpus is affirmed. Our stay of the IJ's removal order is lifted. This appeal is dismissed for lack of jurisdiction.

DISMISSED.

---

**3.** We express no opinion on whether the statute violates the Suspension Clause as to aliens who then have *no* avenue of judicial review.