**David S. BRUCE, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, Defendant.**

**No. 01CV0168(HGM/GJD).**

United States District Court,
N.D. New York.

Aug. 22, 2001.

Leslie C. Savage, O'Hara & O'Connell, Syracuse, NY, for Plaintiff.

Joseph A. Pavone, United States Attorney, Northern District of New York, Syracuse, NY, Paula Ryan Conan, Assistant United States Attorney, for Defendant.

### *MEMORANDUM–DECISION AND ORDER*

MUNSON, Senior District Judge.

### *INTRODUCTION*

Currently before the court is defendant's motion to dismiss plaintiff's Rehabilitation Act claim for lack of venue or in the alternative ·to transfer venue to the District of Columbia. Defendant also moves for dismissal claiming that the complaint fails to state a claim upon which relief can be granted. See Dkt. No. 5. Plaintiff opposes the motion to dismiss for improper venue, the proposed transfer to the District of Columbia, and dismissal for failure to state a claim. See Dkt. No. 10. For the following reasons, the court denies defendant's venue motion and grants defendant's motion to dismiss.

### BACKGROUND

In April 1997, plaintiff, David S. Bruce ("Bruce"), submitted a preliminary application to the Federal Bureau of Investigation ("FBI") Field Office in Buffalo, New York for a position as a special agent. In the preliminary application, Bruce informed the FBI that he is an insulin-dependent diabetic. In August 1997, plaintiff was contacted by Special Agent Robert Plue ("Plue") of the Albany Field Office. Plue informed plaintiff that he qualified to sit for the Phase I Special Agent Entrance exam. After passing the initial exam, Bruce was invited to the Manhattan, New York Field Office to complete the Phase II structured interview and written exam. On December 10, 1997, Bruce learned that he passed the second exam and accepted the FBI's conditional offer of employment as a special agent.

Despite the FBI's offer of employment, plaintiff still had several stages to complete in the application process before the offer became final. These additional conditions included a polygraph test, background investigation, drug test and a pre-employment medical exam. On December 29, 1997, plaintiff successfully completed his polygraph exam and drug test at the Albany Field Office. Then, on January 13, 1998, he reported to a physician in Latham, New York to complete the pre-employment medical examination; he failed. The medical report showed elevated blood sugar and blood pressure levels. Plaintiff claims he was not told to fast for twelve hours prior to the exam and that the results were skewed, because he ate lunch approximately one hour before the exam.

A few days after the exam, Special Agent Plue contacted Bruce and informed him of the medical problems found by the FBI's physicians. Plaintiff objected to the results and explained to Plue that he was not instructed to fast. As a result, Special Agent Plue offered to redo his blood tests at the Albany Field Office. These readings were reportedly within acceptable limits. Nonetheless, on February 26, 1998, the FBI instructed Bruce to provide more medical information from his personal physician.

In April 1998, while his employment status was still pending, Bruce took and passed a physical fitness test which included a 1.5 mile run. On May 4, 1998, Charles Prouty, Chief of the Applicant Recruiting and Selection Section, advised Bruce that the FBI had rescinded its conditional offer of employment because of his diabetes.

On November 10, 1998, six months after the FBI rescinded their offer, Bruce contacted an Equal Employment Opportunity ("EEO") Counselor at the Albany Field Office regarding the recission of the FBI's employment offer. On December 9, 1998, the EEO Counselor provided Bruce with a Notice of a Right to File a Discrimination Complaint. Then, on May 25, 1999, plaintiff received a letter from the FBI's EEO Officer, Kathleen D. Koch, stating that his complaint had been accepted, despite it being untimely.[1] The letter also stated that the complaint would be accepted because "it appear[ed] that [Bruce] became aware that [he was] being discriminated against sometime in August/September 1998." The EEO Officer did not articulate the basis for her conclusion in the May 25, 1999, letter.

The investigation of Bruce's complaint was still pending as of August 2000. Since the FBI did not conclude its investigation

---

1. Although the May 25, 1999, letter was ascribed to Kathleen Koch, it was actually signed, and presumably sent, by Janis A. Famous, who was the Acting Unit Chief in the FBI's Complaint Processing Unit. *See* Pl.['s] Mem, Ex. B; Dkt. No. 10.

of plaintiff's complaint within the time limit prescribed in 29 C.F.R. § 1614.108(e), the complaint was dismissed so that Bruce could seek a civil remedy. Subsequently, plaintiff filed the instant litigation.

### DISCUSSION

#### A. Venue

 In Rehabilitation Act cases, venue is governed by Title VII rather than general venue provisions. *See Bolar v. Frank,* 938 F.2d 377, 378 (2d Cir.1991). Plaintiffs alleging a cause of action under the Rehabilitation Act are required to abide by the Title VII venue provisions which are applicable to all actions against the federal government. The appropriate test for venue is set forth in 42 U.S.C. § 2000e–5(f)(3), which states:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

Furthermore, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). When determining whether venue is appropriate under Title VII, a district court's analysis should be based on a common sense appraisal of events having operative significance. *See Donnell v. National Guard Bureau,* 568 F.Supp. 93, 94 (D.D.C.1983). In making this determination, courts look to the "focus" of a plaintiff's complaint to determine where a "substantial part, if not all, of the employment practices challenged" were committed. *Id.*

 In this case, defendant claims that the Northern District of New York is not the appropriate venue for plaintiff's claims and, therefore, the complaint should be dismissed. Defendant argues that FBI headquarters in Washington, D.C., made all decisions about Bruce's employment. Specifically, while Bruce may have interacted with the Albany Field Office, defendant argues that Washington withdrew plaintiff's offer of conditional employment and, thereby, gave life to his claims. In addition to asserting that the alleged illegal hiring practices occurred in Washington, D.C., defendant contends that the relevant records are maintained in Washington and that the place of employment would have been Quantico, Virginia. Therefore, the FBI asserts that venue is not proper in the Northern District of New York and that plaintiff's action should be dismissed or at least transferred to the District of Columbia.

Despite defendant's ardent beliefs to the contrary, the court finds that the Northern District of New York is the appropriate venue for plaintiff's claims. First, all of Bruce's interactions with the FBI occurred in New York. Bruce took both written

exams, the medical tests in question, a polygraph and a physical fitness test within New York. Moreover, the Albany Field Office processed his application, informed Bruce about the problem with his physical exam and directly told him that he would not become a special agent.

Focusing on plaintiff's interaction with the FBI rather than the locus of decision making, defendant's claim that his employment records are solely maintained in Washington, D.C. is unconvincing. The Albany Field Office was Bruce's point of contact with the FBI. Furthermore, the place of ultimate employment cannot be known. Permanent assignment to a field office would be the appropriate measure, not the place of temporary training in Virginia. Since that assignment never occurred, it is unnecessary to weigh place of employment.

Finally, the court notes that plaintiff claims that transfer would be inconvenient for the parties and the witnesses. The court agrees as Bruce and many of the relevant witnesses seem to reside within the Northern District of New York. Furthermore, the FBI maintains offices and personnel within this District as well. Moreover, a transfer would require Bruce to obtain new counsel. For these reasons, venue is proper in the Northern District of New York and shall not be transferred to the District of Columbia. Defendant's venue motion is denied.

## B. *Motion to Dismiss: The Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss, the facts alleged by the plaintiff are assumed to be true and are construed in a light most favorable to him. *See e.g., Easton v. Sun-*

*dram*, 947 F.2d 1011, 1014–15 (2d Cir. 1991). While a court need not accept mere conclusions of law, it should accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom. *See Murray v. City of Milford,* 380 F.2d 468 (2d Cir. 1967). Furthermore, when a party makes a Rule 12(b)(6) motion, a court will limit its consideration to the facts asserted on the face of the complaint. *See Cosmas v. Hassett,* 886 F.2d 8, 13 (2d Cir.1989). A complaint will not be dismissed for failure to state a claim unless it appears, beyond a reasonable doubt, that a plaintiff cannot prove any set of facts entitling him or her to relief. *See Wanamaker v. Columbian Rope Co.,* 740 F.Supp. 127 (N.D.N.Y.1990).

## C. *Timeliness of the EEO Complaint*

■ EEOC regulations require individuals suing the federal government under the Rehabilitation Act to exhaust certain administrative remedies before initiating a lawsuit in district court. *See Boos v. Runyon,* 201 F.3d 178, 181 (2d Cir.2000). Therefore, an aggrieved party must contact an EEO Counselor within 45 days of the allegedly discriminatory act. *See id;* 29 C.F.R. § 1614.105(a)(1). Thereafter, the party must file an EEO complaint with " 'the *agency* that allegedly discriminated against the complainant' " *Id.* (*quoting* § 1614.106)(emphasis added). The accused agency is then required to acknowledge receipt of the complaint and inform the complainant of his rights in writing. *See* § 1614.106(e). The complainant's rights consist of: (1) the right to appeal any final decision or dismissal by the agency, and (2) the right to request a hearing directly to the EEOC to be conducted by an ALJ. *See* §§ 1614.106(e)(1) & (2), 1614.108(f) & (g). The agency must then conduct and complete an investigation within 180 days of filing of the complaint.

*See* § 1614.106(e)(2). If the agency has not issued a final decision within the 180 day time limit, the complainant may file suit in federal court. *See Boos*, 201 F.3d at 181.

■ In this case, defendant contends that Bruce's claims should be dismissed, because he failed to contact an EEO counselor within 45 days of the FBI's allegedly discriminatory action. Surprisingly, plaintiff admits that he did not timely contact an EEO counselor. However, he also argues that the FBI waived this defense by accepting his EEO complaint for investigation. To support this position, plaintiff insists that the May 25, 1999, letter sent to him by the FBI's EEO Officer, constitutes an explicit determination by the EEOC that he timely filed his administrative complaint. Since the FBI did not challenge this determination, Bruce contends that the FBI is estopped from asserting a timeliness defense in federal court.

In response, defendant argues that the EEOC has not determined that Bruce's claims were filed in a timely fashion. Specifically, it states that the May 25, 1999, letter is not a decision by the EEOC but is a letter from the FBI's Office of Equal Employment Opportunity Affairs. According to the defendant, this letter simply acknowledges receipt of the complaint and accepts it for investigation, but it does not constitute a finding of timeliness. For the following reasons, this court agrees.

■ A plaintiff's timely filing of an EEO charge is not a jurisdictional prerequisite to suit in federal court. *See id.* at 182. Instead, the limitation functions as a statute of limitations and, therefore, is subject to waiver, estoppel and equitable tolling.[2] *See Briones v. Runyon*, 101 F.3d 287, 290

(2d Cir.1996). In the Second Circuit, an agency can waive a timeliness defense where the EEOC makes an express finding that a complaint is timely and remands proceedings back to the accused federal agency. *See Briones*, 101 F.3d at 291.

In this case, the EEOC has not made any finding concerning the timeliness of plaintiff's complaint. In fact, the record shows that Bruce's claims were never referred to the EEOC itself as he filed his complaint in federal court after expiration of the above referenced 180 day deadline. Moreover, the court agrees with defendant and finds that the May 25, 1999, letter, upon which plaintiff relies, does not constitute a decision by the EEOC. The letter is an initial communication from the FBI's EEO officer; it is not a binding EEOC decision about the timeliness of plaintiff's complaint. For this reason, the precedent adopted by the Second Circuit in *Briones* does not apply to plaintiff's claim. Since Bruce did not contact the FBI's EEO counselor within the 45 day time limit and defendant did not waive the timeliness defense, the instant motion to dismiss is hereby granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that defendant's motion to dismiss for improper venue is **DENIED**. It is further

**ORDERED**, that defendant's alternative motion to transfer venue is **DENIED**. It is further

**ORDERED**, that defendant's motion to dismiss is **GRANTED**, and the complaint is hereby **DISMISSED**. It is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum–Deci-

---

**2.** Plaintiff does not offer any excuse concerning the equitable tolling of the 45 day deadline.

sion and Order upon the parties by regular mail.