William W. **SPENCER, Jr.,** Plaintiff,

v.

Donald H. **RUMSFELD, Secretary, U.S. Department of Defense, Defendant.**

No. CIV.A.00–2976(RMU).

United States District Court, District of Columbia.

Jan. 28, 2002.

Council report adds that there is "[n]o mechanism in the plan for increasing accountability for discarded bycatch." A.R. 602.

William W. Spencer, Fort Washington, MD, pro se.

Andrew David Auerbach, U.S. Attorney's Office, Washington, DC, Jennifer U. Toth, U.S. Attorney's Office, Sp. Proceedings Section, Washington, DC, for Donald H. Rumsfeld.

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO TRANSFER VENUE

URBINA, District Judge.

## I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss or, in the alternative, to transfer this case to the United States District Court for the Eastern District of Virginia. The *pro se* plaintiff, William W. Spencer, Jr. ("the plaintiff" or "Mr. Spencer"), brings this action against Donald H. Rumsfeld, Secretary of the U.S. Department of Defense ("the defendant" or "Mr. Rumsfeld"), named in his official capacity. Mr. Spencer, an employee at the Defense Information Systems Agency ("DISA") of the Department of Defense ("DoD"), claims that the defendant discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The plaintiff seeks a promotion and retroactive pay. For the reasons that follow, the court will grant the defendant's motion to transfer venue.

## II. BACKGROUND

Mr. Spencer has worked at DISA since 1969. *See* Compl. at 2; Def.'s Mot. to Dismiss or, in the alternative, to Transfer Venue ("Mot. to Dismiss") at 1. He currently works as a Telecommunications Manager. *See* Compl. at 1–2. DISA is located in Arlington, Virginia. *See* Mot. to

Dismiss at 1. Mr. Spencer, an African–American, claims that DISA denied him a promotion in favor of a white male who worked in the same branch. *See* Compl. at 2. Mr. Spencer alleges that DISA promoted the white male even though Mr. Spencer was better qualified for the job. *See id.* at 3.

On February 10, 1988, Mr. Spencer filed a formal discrimination complaint with the Director of Equal Employment Opportunity at the Defense Communication Agency, now known as DISA.[1] *See* Compl. at 2. The Equal Employment Opportunity Commission ("EEOC") decided the case in DISA's favor on September 22, 1999 and denied Mr. Spencer's request for reconsideration on August 15, 2000. *See* Compl. Ex. 1–2. Because the EEOC decision was final, Mr. Spencer could file a civil action in an appropriate United States District Court. *See* 42 U.S.C. § 2000e–5(f)(1).

On November 20, 2000, Mr. Spencer, proceeding *pro se,* filed his complaint in the United States District Court for the District of Columbia. He alleges employment discrimination on the basis of race in violation of Title VII. *See* Compl. at 1. On May 18, 2001, DoD moved to dismiss or, in the alternative, to transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a). DoD argues that venue is improper in this district under the Title VII venue statute, 42 U.S.C. § 2000e–5(f)(3). The court agrees with the defendant and will transfer the case to the Eastern District of Virginia.

### III. ANALYSIS

#### A. Legal Standard

Under 42 U.S.C. § 2000e–5(f)(3), a Title VII action may be brought in any one of four judicial districts. The statute provides that:

> Such an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). In Title VII cases, Congress intended to limit venue to those jurisdictions concerned with the alleged discrimination. *See Stebbins v. State Farm Mutual Auto. Ins. Co.,* 413 F.2d 1100, 1102 (D.C.Cir.1969).

If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e–5(f)(3), venue is improper. *See* 42 U.S.C. § 2000e–5(f)(3); *Washington v. General Electric Corp.,* 686 F.Supp. 361 (D.D.C. 1988). When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. *See* 28 U.S.C. § 1406(a). Generally, the "interest of justice" instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them. *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

---

1. The plaintiff states that he filed this complaint on February 10, 1988. *See* Compl. at 2. The court is uncertain whether this date is correct or if it should read 1998. If the plaintiff's date is correct, it means that the EEOC took 11 years to decide his case. In any event, this fact is not relevant to the court's analysis.

## B. The Court Transfers this Case to the Eastern District of Virginia

 The plaintiff argues that the case should remain in the United States District Court for the District of Columbia because it is related to *Spencer v. Cohen*, Civil Action No. 716-73, JGP.[2] The defendant argues that the plaintiff did not file its case in any of the proper venues listed in 42 U.S.C. § 2000e-5(f)(3). The court agrees with the defendant that none of the plaintiff's claims lie in this judicial district under the four requirements of the Title VII venue statute. *See* 42 U.S.C. § 2000e-5(f)(3). Under the first option, the plaintiff may file his complaint in any district in the state in which the unlawful employment practice took place. *See id.* The plaintiff's alleged discrimination occurred at DISA, which is located in Arlington, Virginia. *See* Compl. at 2. Accordingly, the plaintiff has not satisfied the first prong of the statute. *See* 42 U.S.C. § 2000e-5(f)(3). The second option provides that the plaintiff may file in the venue where the defendant keeps the employment records relevant to the alleged discrimination. *See id.* The defendant states that it maintains these records at either Arlington, Virginia, or the National Personnel Records Center in St. Louis, Missouri. *See* Mot. to Dismiss at 3. Because the defendant does not maintain the employment records in the District of Columbia, venue is improper in this court under the statute's second prong. Under the third option, the plaintiff may file in the district where the plaintiff would have worked if the alleged discrimination had never occurred. *See* 42 U.S.C. § 2000e-5(f)(3). The defendant notes that even if it had promoted the plaintiff, he would have remained in Arlington, Virginia, where DISA is located. *See* Mot. to Dismiss at 3. Thus, the plaintiff has failed to satisfy the statute's third prong. *See* 42 U.S.C. § 2000e-5(f)(3).

The statute's fourth venue provision only applies if the defendant cannot "be found" in any of the first three judicial districts. *See* 42 U.S.C. § 2000e-5(f)(3). In this case, the defendant can be found at the Pentagon, located in Arlington, Virginia. Because the Eastern District of Virginia would satisfy all of the first three requirements of the venue statute, the fourth option does not apply. *See* 42 U.S.C. § 2000e-5(f)(3). Even assuming *arguendo* that DoD maintains an office in the District of Columbia and that it were necessary to reach the fourth prong of the statute, the principal offices of the defendant are in Arlington, Virginia, and thus venue in this court is still inappropriate. *See Turbeville v. Casey*, 525 F.Supp. 1070 (D.D.C.1981).

Title VII venue determinations are based on a "commonsense appraisal" of how the events in question arose. *See Donnell v. National Guard Bureau*, 568 F.Supp. 93, 94 (D.D.C.1983) (quoting *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C.Cir.1978)). Consequently, if a sub-

---

**2.** A search of the court clerk's records indicates that the plaintiff is referring in all likelihood to Dkt. No. 73cv0716, another case he apparently filed against the Secretary of the Department of Defense. On April 15, 1996, then-Chief Judge John G. Penn entered judgment for the defendants and dismissed the case with prejudice. *See* Mem. Op. dated April 15, 1996(JGP). Accordingly, this earlier case has now been closed for nearly six years. Under Local Civil Rule 40.5, a case is automatically deemed related when it is "filed by a *pro se* litigant with a prior case *pending.*" *See* LCvR 40.5(a)(3) (emphasis added). Because *Spencer v. Cohen* is no longer pending in this court, the Local Civil Rules do not consider this case related to the earlier case. *See* LCvR 40.5. Moreover, the plaintiff never filed this as a related case pursuant to either Local Civil Rule 40.5(a)(3) or 40.5(a)(4), and never articulates how this case "relat[es] to the same subject matter" as the earlier case, as required by Local Civil Rule 40.5(a)(4). *See* LCvR 40.5(a)(4).

stantial part of the challenged employment practices in this case took place in Virginia, venue would still be improper in the District of Columbia. *See id.* In addition, the plaintiff does not even dispute that each of the first three prongs of 42 U.S.C. § 2000e–5(f)(3) can be satisfied in the Eastern District of Virginia. Accordingly, the court concludes that venue in this district is inappropriate. The court therefore transfers this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).

## IV. CONCLUSION

For all these reasons, the court grants the defendant's motion to transfer this case to the United States District Court for the Eastern District of Virginia. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of January, 2002.

## *ORDER*

### Granting the Defendant's Motion to Transfer

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this 28th day of January, 2002, it is

**ORDERED** that the defendants' motion to transfer is **GRANTED.**

**SO ORDERED.**