869 F.2d 1281
 Joseph KOLEK, Plaintiff-Appellant,
v.
Donald D. ENGEN, Administrator, Federal Aviation
Administration, Defendant-Appellee.
Joseph KOLEK, Petitioner,
v.
Donald D. ENGEN, Administrator, Federal Aviation
Administration, Respondent.
 Nos. 87-1889, 87-7160.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 18, 1988*.
Decided March 9, 1989.
 
 Joseph Kolek, in pro per, Lompoc, Cal.
 Peter J. Lynch, Manager, Enforcement Proceedings Branch, Federal Aviation Admin., and Vicki S. Leemon, Trial Attorney, Federal Aviation Admin., Washington, D.C., for defendant-appellee/respondent.
 Appeal from the United States District Court for the Northern District of California.
 Petition for Review of an Order of The National Transportation Safety Board.
 Before GOODWIN, Chief Judge, and SNEED and HUG, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 Petitioner Joseph Kolek seeks reversal of the order by the National Transportation Safety Board ("NTSB") affirming revocation of his private pilot certificate. We must decide whether Kolek's erroneous filing of the notice of appeal in district court rather than this court deprives us of jurisdiction; and if not, whether the NTSB's order affirming revocation should be reversed. We conclude that jurisdiction exists pursuant to 28 U.S.C. Sec. 1631 (1982 & Supp. IV 1986) and affirm the order of the NTSB.
 
 FACTUAL BACKGROUND
 
 2
 Joseph Kolek, an immigrant to the United States from Czechoslovakia, pleaded guilty to engaging in a criminal enterprise in violation of 21 U.S.C. Sec. 848 (1982 & Supp. IV 1986). The indictment described him as the leader of a large scale drug-trafficking organization that used various vessels to secure and distribute cocaine and multiton quantities of marijuana. Upon conviction, Kolek was sentenced to ten years imprisonment.
 
 
 3
 Following his conviction, the Federal Aviation Administration ("FAA") served on Kolek an order revoking his pilot's certificate for violation of Federal Aviation Regulations ("FAR") Sec. 61.15. See 14 C.F.R. Sec. 61.15(a) (1988) (authorizing suspension or revocation of certificate where holder is convicted of state or federal crime relating to distribution of narcotics). Kolek, pro se, initiated an administrative appeal from the order. Once a notice of appeal is filed by a certificate holder, the FAA has five days to file with the ALJ its enforcement order which becomes the complaint. 49 C.F.R. Sec. 821.31 (1987). In filing the complaint against Kolek, the FAA was several days late.
 
 
 4
 Kolek answered the complaint, raising several affirmative defenses, and the ALJ set the appeal for an evidentiary hearing. Kolek, however, moved for a stay of the proceedings or for an indefinite continuance on the ground that his incarceration would hinder his preparation for, and prevent his attendance at, the scheduled hearing. The FAA rendered a verbal rather than a written response to the motion in a conversation between the ALJ and FAA counsel to which Kolek was not a party and of which Kolek received no notice. The ALJ denied the motion, and Kolek advised the ALJ that he (Kolek) would be unable to attend the hearing. The FAA then filed a motion for judgment on the pleadings affirming revocation, which the ALJ granted.
 
 
 5
 On appeal to the NTSB, Kolek sought reversal of the revocation order, arguing that the enforcement action and revocation order resulted in numerous violations of the United States Constitution and of procedural regulations governing administrative review of the FAA. Kolek also argued that revocation was an excessive penalty under NTSB precedent.
 
 
 6
 The NTSB affirmed the revocation order, and Kolek filed in the United States district court a notice of appeal within the sixty-day period required in 49 U.S.C. App. Secs. 1486(a) and 1903(d) (1982). Several months later, the district court dismissed Kolek's appeal for lack of jurisdiction, concluding that jurisdiction for review of NTSB orders lay exclusively in the United States circuit courts of appeals. Kolek then filed in the district court a notice of appeal from the district court's order of dismissal, and in this court, a notice of appeal from the order by the NTSB affirming revocation.
 
 JURISDICTION
 
 7
 Whether we have jurisdiction to hear this appeal presents a question of law reviewable de novo. In re McCauley, 814 F.2d 1350, 1351 (9th Cir.1987). The interpretation of any statute affecting our jurisdiction is also reviewablede novo. Id.
 
 
 8
 Under 49 U.S.C.App. Sec. 1486(a) (1982), jurisdiction to review orders of the NTSB is vested exclusively in the United States courts of appeals and not in the district courts. Nevada Airlines, Inc. v. Bond, 622 F.2d 1017, 1020 (9th Cir.1980). Section 1486(a) requires a party seeking judicial review to file a notice of appeal in the appropriate court of appeals within sixty days from the entry of the NTSB order, see Air Line Pilots Ass'n Int'l v. Civil Aeronautics Bd., 750 F.2d 81, 84 (D.C.Cir.1984), or to establish reasonable grounds for a delayed filing, 49 U.S.C.App. Sec. 1486(a) (1982); Tiger Int'l, Inc. v. Civil Aeronautics Bd., 554 F.2d 926, 931 (9th Cir.), cert. denied, 434 U.S. 975, 98 S.Ct. 532, 54 L.Ed.2d 467 (1977). The FAA urges us to dismiss Kolek's appeal because he failed to justify his five-month delay in filing a notice of appeal in this court. We need not decide whether Kolek has shown reasonable grounds for his delayed filing, however, because we deem this case transferred from the district court under 28 U.S.C. Sec. 1631 (1982).
 
 
 9
 Section 1631 authorizes federal courts to transfer appeals in civil actions in order to cure a lack of subject matter or appellate jurisdiction. "It serves to 'aid litigants who were confused about the proper forum for review.' " McCauley, 814 F.2d at 1352 (quoting American Beef Packers, Inc. v. ICC, 711 F.2d 388, 390 (D.C.Cir.1983)). The face of section 1631 sets out three conditions for its application.[1] First, the transferee court must have been able to exercise jurisdiction on the date the notice of appeal was misfiled. Gioda v. Saipan Stevedoring Co., 855 F.2d 625, 629 (9th Cir.1988). "Second, the transferer court must lack jurisdiction." Id. Third, the transfer must serve the interests of justice. Id.
 
 
 10
 When this court qualifies as the proper forum under the second prerequisite, we may consider whether transfer would serve the interests of justice and deem the case transferred to this court on our own initiative. See McCauley, 814 F.2d at 1352. A transfer motion and an order by the district court granting or denying the motion are "unnecessary because of the mandatory cast of section 1631's instructions." Id. Furthermore, when, as here, the record reveals the considerations relevant to "the interest of justice," we have dispensed with the convoluted procedure of remanding to the district court to consider whether transfer back to this court is appropriate. Id. (citing Center for Nuclear Responsibility v. United States Regulatory Comm'n, 781 F.2d 935, 945 (D.C.Cir.1986) (Ginsburg, J., dissenting)).
 
 
 11
 Kolek's appeal satisfies each prerequisite for transfer under section 1631. He filed a notice of appeal in the district court within sixty days of the entry of the NTSB's order. The district court lacked jurisdiction, but this court could have exercised jurisdiction had Kolek filed the notice in this court on that date. Transfer of Kolek's appeal serves the interests of justice because his errant filing was caused in part by his pro se status, lack of fluency in English, and inability to access legal research materials in prison. Accordingly, we deem his appeal, initially but erroneously noticed in the district court, transferred to this court and proceed to the merits.
 
 MERITS
 
 12
 The NTSB reviews certificate sanctions by the FAA to determine whether they are required by air safety and the public interest. 49 U.S.C. App. Sec. 1429(a) (1982). A narrow standard guides our review of these NTSB decisions. Essery v. Department of Transp., 857 F.2d 1286, 1288 (9th Cir.1988). Reversal is warranted only when the decision is "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law." Id. (quoting 5 U.S.C. Sec. 706(2)(A) (1982)). Findings of fact by the NTSB are binding if supported by substantial evidence in the record. Id. Purely legal questions implicated by an NTSB order are reviewable de novo. Id.
 
 I. Propriety of Revocation
 
 13
 Although FAR Sec. 61.15(a) specifically authorizes either suspension or revocation of a pilot certificate when the holder is convicted of a state or federal crime relating to narcotics distribution, 14 C.F.R. Sec. 61.15(a) (1988), Kolek maintains that revocation was an excessive sanction. He relies upon a series of NTSB decisions that have reserved revocation under section 61.15(a) to drug violations involving the use of an aircraft by the certificate holder. See, e.g., Administrator v. Amos, 2 N.T.S.B. 1305 (1975). Because his conviction yielded no evidence that he used an aircraft in violating drug laws, Kolek contends that suspension rather than revocation was the appropriate penalty.
 
 
 14
 This court recently reversed an order of revocation affirmed by the NTSB because revocation grossly exceeded the sanctions imposed in other proceedings for violations of the particular FARs at issue. Essery, 857 F.2d at 1286. In Essery, the court noted that the NTSB has an explicit policy of uniformity in enforcement, which mandates that "[s]imilar violations under similar circumstances should result in the same type of enforcement action and sanction." Id. at 1291 (quoting Department of Transp., Fed. Aviation Admin. Order No. 2150, p 203c.3) (emphasis deleted). The court reviewed several cases involving similar or more egregious conduct than Essery's behavior for which the NTSB ordered suspension rather than revocation. Id. at 1291-92. Because the FAA failed to show any justification for deviating from its established pattern and its policy of uniformity, the court concluded that the NTSB's affirmance of revocation was an abuse of discretion. Id. at 1292-93.
 
 
 15
 Although the NTSB has affirmed suspension in other cases where the violation of a narcotics law has not involved the certificate holder's use of an aircraft, we conclude that the NTSB's affirmance of revocation in this proceeding is not an arbitrary deviation from its policy of imposing similar sanctions for similar violations but a reasonable exercise of discretion. Unlike the situation in Essery, the section of FAR violated by Kolek expressly authorizes either revocation or suspension of the infractor's certificate. See 14 C.F.R. Sec. 61.15(a) (1988). This express approval of revocation as a sanction for narcotics violations involving no aircraft use performs two important functions: it helps to establish that revocation for such violations is consistent with the sanctioning policy of the FAA, and it puts all certificate holders on notice of that consistency. Moreover, although lack of aircraft use in a narcotics violation has frequently carried significant weight in NTSB decisions, Administrator v. Pekarcik, 3 N.T.S.B. 2903 (1980), use or nonuse of an aircraft has not uniformly trumped other factors in the analysis. In Administrator v. Smith, for example, revocation was affirmed against a pilot who was convicted of possessing marijuana and who had a history of violating other sections of FAR, even though his violation involved no aircraft use. Initial Decision of Judge Patrick G. Geraghty, 3 N.T.S.B. 283, aff'd, NTSB Order No. EA-990 (April 12, 1977).
 
 
 16
 Finally, the NTSB adequately justified its affirmance of revocation rather than suspension on the basis of the severity of Kolek's drug trafficking violation. Indeed, the NTSB described Kolek's involvement in narcotic's distribution with particularity:
 
 
 17
 [Kolek], who pleaded guilty to a violation of 21 U.S.C. Sec. 848 (continuing criminal enterprise), was described in the indictment as "the head of a large-scale drug trafficking organization that secured and illegally distributed controlled substances throughout the world." The organization included 13 individuals other than [Kolek] who were involved in smuggling cocaine and multi-ton quantities of marijuana by vessels and in investing and concealing the illegal proceeds of such trafficking.
 
 
 18
 Engen v. Kolek, NTSB Order No. EA-2402, slip op. (Sept. 22, 1986) (LEXIS, Trans library, NTSB file). This is in contrast to the action in Essery, where we held that the revocation was not justified for violations of safety regulations where those violations were less severe than violations in other cases that resulted in mere suspension. 857 F.2d at 1292-93. Based on the severity of Kolek's offense, the NTSB could reasonably impose revocation, a sanction expressly authorized by the regulation that Kolek violated, even though suspension has been affirmed for some of the other infractors whose violations involved no use of an aircraft.
 
 II. Procedural Violations
 
 19
 Kolek also seeks reversal of the NTSB order affirming revocation for several alleged violations of FAA procedural regulations while Kolek's appeal was before the ALJ. Kolek preserved these arguments for our review by raising each of them to the NTSB. See 49 U.S.C. App. Sec. 1486(e) (1982) (limiting judicial review to matters raised before the NTSB). Our review of these arguments, however, in addition to being circumscribed by the deferential standard of review applicable to agency decisions, must take "due account ... of the rule of prejudicial error." 5 U.S.C. Sec. 706 (1982). As a result, we may reverse the order affirming revocation only for substantial errors in administrative procedure that prejudiced Kolek. See County of Del Norte v. United States, 732 F.2d 1462, 1467 (9th Cir.1984) (citing Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, 435 U.S. 519, 558, 98 S.Ct. 1197, 1219, 55 L.Ed.2d 460 (1978)), cert. denied, 469 U.S. 1189, 105 S.Ct. 958, 83 L.Ed.2d 964 (1985).
 
 
 20
 A. Defects in Service and Filing of Complaint
 
 
 21
 Kolek first contends for reversal because the FAA was late in filing its order and complaint with the ALJ and because he received defective service of the complaint. The NTSB declined to reverse for these technical violations of 49 C.F.R. Sec. 821.31 (1987) because the delay was minimal and failed to prejudice Kolek. This conclusion was not arbitrary, irrational, or an abuse of discretion. Kolek has failed to show any prejudicial impact on his appeal from the late filing and the allegedly defective service of the complaint. Because he already had a copy and knew the contents of the order which became the complaint, any defects in filing and service constitute insubstantial procedural errors inadequate to support reversal of the NTSB's order.
 
 B. Prohibited Ex Parte Communication
 
 22
 Kolek next maintains that reversal is warranted because the FAA, rather than responding in writing to his motion for a stay or for a continuance, responded verbally in a conversation with the ALJ to which Kolek was not a party and of which he received no notice. Kolek contends this exchange comprised a prohibited ex parte communication because the FAA failed to give him reasonable prior notice of the exchange or to memorialize the substance of the exchange on the public record. See 49 C.F.R. Secs. 821.60 to .61 (1987). Even if the verbal response violated the prohibition against ex parte communication, the regulations do not automatically require reversal. Rather, under 49 C.F.R. Sec. 821.63, whether a prohibited communication is grounds for reversal is for the NTSB to decide according to the interests of justice. An important consideration in evaluating the effect on justice is whether a communication threatened improper influence in the decision of the substance of an appeal. See 49 C.F.R. Sec. 821.61 (prohibition does not extend to ex parte communications regarding board procedure or practice not affecting the merits of an appeal). Kolek has not explained how this verbal response to a purely procedural motion could have prejudiced the merits of his appeal. The NTSB's refusal to reverse on this ground was therefore rational and within its discretion.
 
 C. Failure to Hold a Hearing
 
 23
 Kolek also argues that the ALJ improperly deprived Kolek of an evidentiary hearing on disputed issues by (1) refusing to continue the scheduled hearing for the duration of Kolek's ten-year prison term, (2) canceling the hearing after Kolek indicated that neither he nor a representative could attend, and (3) granting judgment on the pleadings. Kolek correctly contends that he was entitled to an evidentiary hearing on any material and disputed factual issues relating to the charges alleged and the sanction imposed. Engen v. Mines, NTSB Order No. EA-2262 (Dec. 16, 1985), rev'd on other grounds, 862 F.2d 617 (6th Cir.1988). If no disputed issue of material fact remained, however, Kolek had no right to an evidentiary hearing and the ALJ appropriately granted judgment on the pleadings. See 49 C.F.R. Sec. 821.17(b) (1987); Administrator v. Rubin, 3 N.T.S.B. 3642 (1981). Kolek did not dispute the basic facts surrounding his conviction and supporting the order of revocation. His sole contentions before the ALJ were (1) the excessive nature of revocation given that he used no aircraft and (2) several alleged procedural and constitutional violations by the FAA in the initiation and pursuit of its enforcement action. Kolek failed to identify to the ALJ or the NTSB any disputed issues of fact regarding the propriety of revocation or the alleged procedural and constitutional violations that would require an evidentiary hearing for resolution. Thus, the NTSB could reasonably have concluded that no issues of material fact remained, making judgment on the pleadings without an evidentiary hearing appropriate.
 
 
 24
 D. Improper Grant of Judgment on the Pleadings
 
 
 25
 Kolek's final two procedural arguments concern the ALJ's granting of the FAA's motion for judgment on the pleadings. He argues that judgment on the pleadings was inappropriate because he filed an answer before the FAA filed its motion. He also attacks the order granting judgment on the pleadings as defective because it contains no findings of fact or conclusions of law.
 
 
 26
 First, 49 C.F.R. Sec. 821.17(b) (1987) authorizes judgment on the pleadings in two separate situations: where no answer to the FAA's complaint is filed or where no material and disputed issues of fact remain. As explained above, no disputed issues of fact regarding Kolek's violation of FAR Sec. 61.15(a) or the propriety of revocation remained for resolution. Thus, the NTSB could reasonably have concluded that the granting of judgment on the pleadings was proper even though Kolek had filed an answer.
 
 
 27
 Second, although the regulations require the articulation of findings of fact and conclusions of law in an initial decision by the ALJ, 49 C.F.R. Sec. 821.42(b) (1987), neither Kolek nor our research has shown any authority similarly restricting the contents of an order granting judgment on the pleadings. The NTSB's refusal to dismiss on this ground was not arbitrary, irrational, or an abuse of discretion.
 
 III. Constitutional Violations
 
 28
 Kolek advances two assertions of constitutional violation. He asserts the FAA and NTSB violated the equal protection component of the Fifth Amendment due process clause (see Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954)) by engaging in selective or vindictive prosecution against him and by discriminating against him in its choice of revocation rather than suspension as a sanction. Additionally, he asserts the granting and affirming of judgment on the pleadings without a hearing denied him due process under the Fifth Amendment. We find merit in neither claim.
 
 
 29
 First, to establish selective prosecution, Kolek had to demonstrate that the FAA failed to bring enforcement actions against similarly situated certificate holders and selected Kolek for enforcement action "on the basis of impermissible grounds such as race, religion or the exercise of constitutional rights." United States v. DeTar, 832 F.2d 1110, 1112 (9th Cir.1987). Kolek offered no proof that other certificate holders guilty of violating FAR Sec. 61.15(c) have escaped enforcement action by the FAA. Moreover, he has failed to establish selection for enforcement on an impermissible ground. Second, to establish impermissible discrimination in the selection of his sanction, Kolek had to show that the FAA's imposition of differing sanctions among violators of section 61.15(c) failed to relate rationally to a legitimate governmental interest. See County Classic Dairies, Inc. v. Milk Control Bureau, 847 F.2d 593, 596 (9th Cir.1988). As discussed in part I above, the gravity of Kolek's offense justifies the distinction in the severity of the sanctions he and other certificate holders have received.
 
 
 30
 Finally, to establish a due process violation, Kolek had to show a deprivation of a protected liberty or property interest without adequate procedural protections such as prior notice and an opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319 332-35, 96 S.Ct. 893, 901-03, 47 L.Ed.2d 18 (1976); Brady v. Gebbie, 859 F.2d 1543, 1554 (9th Cir.1988). No fixed format or content was constitutionally required for the protections given, as long as those protections met the needs that the circumstances of Kolek's administrative appeal demanded. See Mathews, 424 U.S. at 334, 96 S.Ct. at 902. Kolek received ample notice of the enforcement proceedings. He also received ample opportunity to contest the charges brought and the sanction imposed against him. As explained in part II.C above, he did not dispute the facts surrounding the charges against him and supporting the order of revocation. Thus, there were no issues requiring resolution at an evidentiary hearing. All that remained were Kolek's legal arguments based on the Constitution, the procedural rules governing FAA enforcement actions, and NTSB precedent for sanctions against certificate holders who violate FAR Sec. 61.15(a). Kolek was permitted to submit these arguments in writing both to the ALJ and later to the NTSB. Thus, the ALJ did not deprive him of notice or an opportunity to be heard, and the NTSB's decision to affirm on this ground was rational and within its discretion.
 
 IV. Effect of the Plea Bargain
 
 31
 The final ground for reversal advanced by Kolek is that any certificate action against him should be barred as a breach of the plea agreement he reached with the United States resulting in his conviction. The language of the plea agreement itself forecloses this argument. The agreement refers to additional criminal charges and penalties only. Revocation of a pilot certificate is not a criminal sanction. Rather, it is a remedy imposed to enhance air safety and to promote the public interest. See 49 U.S.C. App. Sec. 1429 (1982). It therefore falls beyond the ambit of the plea agreement, and the NTSB appropriately exercised discretion in dismissing this argument.
 
 CONCLUSION
 
 32
 We have jurisdiction pursuant to 49 U.S.C. App. Sec. 1486(a) (1982) and 28 U.S.C. Sec. 1631 (1982 & Supp. IV 1986). Kolek has failed, however, to advance any ground sufficient to warrant reversal of the NTSB order affirming revocation. That order is accordingly AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 Section 1631 reads in part as follows:
 Whenever a civil action is filed in a court ... or an appeal ... is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.