968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John C. PRITCHARD, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD, Respondent.
 No. 90-70041.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided July 15, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Pritchard petitions pro se for review of the National Transportation Safety Board's order affirming an administrative law judge's determination that he operated an aircraft in a careless or reckless manner so as to endanger the life or property of another, in violation of 14 C.F.R. § 91.9 (now codified at 14 C.F.R. § 91.13). We affirm.
 
 
 3
 Pursuant to 49 C.F.R. § 821.37, "[d]ue regard shall be given to the convenience of the parties with respect to the place of the hearing." Pritchard resided in Texas. Although he indicated that his witnesses were "based" in California, he failed to specify in both his motion to change venue and to bifurcate where the witnesses actually resided. The FAA Administrator's witnesses resided in Kansas. Under section 821.37, the administrative law judge was required to give due regard to the convenience of both parties. The Board's conclusion that this requirement was satisfied is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).
 
 
 4
 Summary judgment was precluded by the FAA Administrator's responses to Pritchard's Requests for Admission. See Fed.R.Civ.P. 56(c) (summary judgment appropriate if no "genuine issue as to any material fact"). The Administrator disputed, for example, whether a Lockheed 1011 could safely proceed through the intersection between Bravo and Bravo-10 and whether Pritchard should have discerned the intersection's deficiencies, if any. The administrative law judge could properly consider the Administrator's responses; although a matter is admitted under Fed.R.Civ.P. 36(a) if an answer or objection is not served within thirty days, the rule allows the court to lengthen the period and, in any event, is "instructive rather than controlling" in Board proceedings. 49 C.F.R. § 821.19(c).
 
 
 5
 The Board also did not abuse its discretion in affirming the administrative law judge's determination that Pritchard operated an aircraft in a careless or reckless manner. Pritchard's expert witness testified that the turn could have been made safely. A ground controller testified that another Lockheed 1011 had successfully proceeded through the intersection at night. And, the airport operations manager testified that no other aircraft had taxied off the intersection since the airport opened in October, 1972. The sharp angle of the turn and the lack of centerlines indicated that the turn required particular attention and care. We understand Pritchard's argument, but, even if he could not discern the intersection's narrow fillet radius, the Board could properly conclude that the turn should have been accomplished without incident.
 
 
 6
 Pritchard's due process arguments also fail. Pritchard received adequate notice of the proceedings and "ample opportunity to contest the charges brought and the sanction imposed against him." Kolek v. Engen, 869 F.2d 1281, 1288 (9th Cir.1989) (FAA enforcement proceedings). Both the administrative law judge and the Board fully considered the arguments raised in Pritchard's motions to change venue and to bifurcate. The Lindstam Doctrine did not impermissibly shift the burden of establishing that Pritchard had operated an aircraft in a careless or reckless manner. Cf. Dickey v. Lewis, 859 F.2d 1365, 1369 (9th Cir.1988) (mandatory presumption in criminal proceeding). We have carefully reviewed the record. There was no deprivation without adequate procedural protections. See Kolek, 869 F.2d at 1288.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3