112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Philip C. MANNING, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 96-70022.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Philip Charles Manning petitions pro se for review of the National Transportation Safety Board's ("NTSB") order affirming the decision of the Federal Aviation Administration to revoke Manning's private pilot certificate. We have jurisdiction pursuant to 49 U.S.C. § 1153(a). We review de novo the NTSB's conclusions of law, and we review for substantial evidence in the record the NTSB's findings of fact. See Olsen v. National Transp. Safety Bd., 14 F.3d 471, 474 (9th Cir.1994). We deny the petition for review.
 
 
 3
 We conclude that substantial evidence supports the NTSB's order affirming the revocation of Manning's pilot certificate because of Manning's criminal convictions under 21 U.S.C. §§ 841(a)(1) & 846. See Olsen, 14 F.3d at 476. We agree with the NTSB that, because there are no disputed facts, no oral hearing was necessary before summary judgment. See Kolek v. Engen, 869 F.2d 1281, 1287 (9th Cir.1989).
 
 
 4
 Manning's contention that the revocation violated the Double Jeopardy Clause lacks merit because the revocation was a remedial sanction, not a criminal sanction. See id. at 1288; United States v. Ursery, 116 S.Ct. 2135, 2142 (1996).
 
 
 5
 Manning's contention regarding the denial of his discovery motion lacks merit because there were no substantial errors in administrative procedure that prejudiced Manning. See Kolek, 869 F.2d at 1286.
 
 
 6
 Manning's contention regarding his Sixth Amendment right to confront witnesses lacks merit because the NTSB lacks the authority to review the validity of his convictions. See 49 U.S.C. § 44710(b)(3). To the extent Manning contends that he had a Sixth Amendment right to confront witnesses at his administrative hearing, this contention lacks merit. See SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 741 (1984).
 
 
 7
 Manning's contention that the NTSB should have stayed its proceedings pending the resolution of his 28 U.S.C. § 2255 proceedings lacks merit because we agree with the NTSB that the Administrator does not have to wait for Manning to completely exhaust his criminal appeals before revoking his pilot's certificate. See 49 U.S.C. §§ 44710(b)(1) & (e)(2)(B)(ii).
 
 
 8
 Accordingly, we deny Manning's petition for review.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3