Ted MOORE, Petitioner,

v.

**NATIONAL TRANSPORTATION SAFETY BOARD; et al., Respondents.**

No. 02–73485.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Ted Moore, an airline pilot, petitions pro se for review of the National Transportation Safety Board's ("NTSB") Opinion and Order denying Moore's appeal of an administrative law judge's ("ALJ") decision, which affirmed the Order of Suspension issued by the Federal Aviation Administration ("FAA"). We have jurisdiction under 49 U.S.C. §§ 1153(a), 44709(f). We must uphold the NTSB's decision unless it is "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law." *Kolek v. Engen*, 869 F.2d 1281, 1285 (9th Cir.1989) (quoting 5 U.S.C. § 706(2)(A)). We deny the petition for review.

Moore challenges, on procedural grounds, the NTSB's conclusion that he violated 14 C.F.R. §§ 91.123(a), 91.111(a), and 121.535(f) when he deviated from the air traffic control's clearance in landing a passenger aircraft at Los Angeles International Airport, and thereby caused a near mid-air collision with an Air France passenger aircraft.

Moore contends the ALJ had improper ex parte communications with the FAA's counsel, which warrants reversal of the ALJ's decision. Contrary to Moore's contention, ex parte communications regarding a procedural motion are not improper.

See *Kolek*, 869 F.2d at 1286; *see also* 49 C.F.R. § 821.61(b)(2) ("[e]x parte communications solely relating to matters of Board procedure or practice are not prohibited").

Contrary to Moore's contention, the ALJ's preclusion order was proper because Moore refused to comply with the ALJ's prior order to respond to the FAA's discovery requests. See 49 C.F.R. § 821.19(d) (ALJ may enter a preclusion order if a party fails to comply with a prior order compelling discovery).

Moore's contention that the ALJ was biased is not supported by the record. *Cf. Go Leasing, Inc. v. NTSB*, 800 F.2d 1514, 1526 (9th Cir.1986) ("there is no indication that the ALJ was not impartial").

Contrary to Moore's contention, the NTSB did not err in granting the FAA's motion to strike. See 49 C.F.R. § 821.48(d) (parties may not make additional submissions to NTSB, other than "identifying new and relevant legal authority," except "upon a showing of good cause"); *id.* § 821.49(a) (NTSB considers only whether the ALJ's decision was erroneous).

We are also unpersuaded by Moore's remaining contentions, including that the FAA did not undertake a proper investigation before issuing the Order of Suspension, and that the ALJ permitted the FAA to amend its charges against him at the hearing.

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Moore's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.