James M. CULLITON, Petitioner,

v.

Marion C. BLAKEY, Administrator, Federal Aviation Administration, Respondent.

No. 05–76833.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

James M. Culliton, Saugus, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James F. Conneely, Esq., Federal Aviation Administration, Office of the Chief Counsel, Karne Lainer, Esq., National Transportation Safety Board, General Counsel, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

James M. Culliton petitions pro se for review of a decision of the National Transportation Safety Board ("NTSB") affirming an order of the Federal Aviation Administration ("FAA") revoking Culliton's airman certificates because he was convicted of making false statements on an application for a FAA airman medical certificate. We have jurisdiction pursuant to 49 U.S.C. § 1153. We review for abuse of discretion NTSB decisions concerning sanctions, and review de novo purely legal questions. *Kolek v. Engen*, 869 F.2d 1281, 1284–85 (9th Cir.1989). We deny the petition for review.

■ Culliton had been criminally convicted of knowingly providing false statements to the FAA, and the NTSB properly precluded Culliton from relitigating his guilt in administrative proceedings to revoke his airman certificates. *See Frankfort Digital Servs., Ltd. v. Kistler*, 477 F.3d 1117, 1122 (9th Cir.2007) ("Issue preclusion bars relitigation of issues adjudicated in an earlier proceeding if ... (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding.") (alteration in original). The FAA has authority to revoke airman certificates for making false statements on an application to the FAA. *See* 14 C.F.R. § 67.403.

■ The NTSB properly rejected Culliton's affirmative defense of laches because the FAA may revoke airman certificates any time after questions arise concerning an individual's qualification to hold the certificates. *See* 49 C.F.R. § 821.33 (motion to dismiss an FAA revocation order because it alleges "offenses which occurred more than 6 months" before the order shall be denied where "lack of qualification" is at issue).

■ The NTSB properly rejected Culliton's contention that the revocation of his airman certificates was barred by the plea agreement he signed in an unrelated criminal proceeding concerning his modification of a helicopter. *See Kolek*, 869 F.2d at 1288 (holding that revocation of a pilot certificate is "a remedy imposed to enhance air safety and to promote the public interest" and "falls beyond the ambit" of a plea agreement in criminal proceedings).

Culliton's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.