**John Michael SOLAN, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner * of the Social Security Administration, Defendant—Appellee.**

**No. 05–17244.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.**

Filed Nov. 21, 2007.

John Michael Solan, Kaneohe, HI, for Plaintiff-Appellant.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nancy M. Lisewski, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

John Michael Solan appeals pro se from the district court's summary judgment affirming the Commissioner of Social Security's decision denying his application for disability insurance benefits between March 1995 and October 1999. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision, and we review the Administrative Law Judge's ("ALJ") decision for substantial evidence and legal error. *See Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). We affirm.

Substantial evidence supports the ALJ's determination that Solan did not suffer from an impairment that lasted for a continuous 12–month period, as required by the Social Security Act. *See* 42 U.S.C. § 423(d)(1)(A).

The ALJ had clear and convincing reasons to discredit Solan's testimony regarding his limited mobility in light of evidence that Solan was able to independently perform daily activities. *See Burch,* 400 F.3d at 680 (upholding the ALJ's decision to discredit claimant's allegations where "claimant engages in numerous daily activities involving skills that could be transferred to the workplace").

*** This disposition is not appropriate for publication and is not precedent except as provid-

Contrary to Solan's contention, the ALJ did not err by relying on the agency medical examiners' reports. *See* 20 C.F.R. § 404.1527(f)(2)(i) ("administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence").

Finally, the ALJ did not deprive Solan of due process by refusing to hear additional testimony regarding Solan's work ethic because the record contained ample evidence regarding Solan's work ethic and Solan had an opportunity to submit additional evidence in writing. *See Kolek v. Engen,* 869 F.2d 1281, 1288 (9th Cir.1989) (finding no due process violation where claimant was permitted to submit arguments in writing before an ALJ).

Solan's remaining contentions are unpersuasive.

**AFFIRMED.**