UNITED STATES of America

v.

Frederick H. BANKS, Appellant.

Nos. 08–2452, 08–2707, 08–3197,
08–3329, 08–4857, 09–1294.

United States Court of Appeals,
Third Circuit.

Submitted for Third Circuit
LAR 34.1(a) Nov. 13, 2009.

Opinion filed: Jan. 29, 2010.

Before: BARRY, AMBRO and ROTH, Circuit Judges.

OPINION

PER CURIAM.

In this consolidated appeal, Frederick Banks, proceeding pro se, appeals from the District Court's orders denying several post-trial motions filed in his criminal case. For the following reasons, we will affirm.

## I.

On October 14, 2004, a jury in the United States District Court for the Western District of Pennsylvania found Banks guilty on charges of mail fraud, criminal copyright infringement, uttering and possessing counterfeit or forged securities, and witness tampering. These convictions stemmed from Banks's sales of illegally copied ("pirated") versions of copyrighted Microsoft software products through an Internet marketplace website, Amazon.com. The District Court subsequently sentenced Banks to sixty months of imprisonment, followed by three years of supervised release. We affirmed the judgment and sentence in June 2006, *United States v. Vampire Nation*, 451 F.3d 189 (3d Cir.2006), and the Supreme Court denied Banks's petition for certiorari, *Banks v. United States*, 549 U.S. 970, 127 S.Ct. 424, 166 L.Ed.2d 300 (2006).

Proceeding pro se, Banks then filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, as well as a variety of other post-judgment motions. The District Court denied relief, and we affirmed. (C.A. No. 06–3671.)

In December 2007, Banks filed numerous other motions in the District Court, including the following: Notice to Recognize Sioux Indian; Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241; Motion for a New Trial; Motion to Dismiss for Lack of Jurisdiction; and Motion for Return of Property. By orders entered between April 29 and July 22, 2008, 2008 WL 2944611, the District Court denied each of Banks's motions, as well as Banks's corresponding requests for reconsideration. Banks now appeals from the District Court's orders.[1]

---

1. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Banks's motion to

## II.

After a careful review of the record, we are unable to conclude that the District Court erred in denying relief on any of the motions at issue in this appeal. Accordingly, for the reasons set forth below, we will affirm the District Court's orders.

### A. *Notice to Recognize Sioux Indian*

■ On October 18, 2007, Banks filed a document titled "Notice to Recognize Sioux Indian" in the District Court in which he asked the court to recognize his alleged status as a Native American. (Dist.Ct. No. 312.) The District Court denied the motion without prejudice on the ground that it had relinquished jurisdiction over the matter when Banks initiated an appeal in this Court from the District Court's denial of his § 2255 motion. (Dist. Ct. No. 313.) Banks now argues that, contrary to the District Court's conclusion, the court retained jurisdiction to consider his motion.

Upon review, we conclude that, regardless of whether the District Court had the authority to consider this motion, Banks was not prejudiced by its refusal to do so. In his motion, Banks argued that, because he is a Lakota Sioux Indian, he is subject exclusively to the "Laws of the Tribe," and "therefore is immune from suit." (Dist.Ct. No. 312.) Contrary to Banks's contention, however, and as discussed further in Section E below, his Native American status does not preclude the government from prosecuting him for violations of the federal criminal statutes at issue in this case. Because the argument made in this motion was meritless, Banks was not prejudiced by the District Court's order denying it without prejudice.

proceed on the original record is granted.

### B. *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*

■ Banks next challenges the District Court's decision not to transfer his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to the proper venue. (Dist. Ct. No. 357; SA35–36.) In reaching its decision, the District Court explained that the proper venue for Banks to challenge to the execution of his sentence under § 2241 was the Southern District of Mississippi, the district in which he was incarcerated, not the Western District of Pennsylvania, the district in which he was convicted. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). The court recognized its authority under 28 U.S.C. § 1631 to transfer Banks's petition to the appropriate court (the United States District Court for the Southern District of Mississippi), but declined to do so because Banks had already filed numerous § 2241 habeas petitions in that court; in fact, the court noted, Banks had filed so many motions in that district that the court had issued a warning to Banks that continued filings could result in sanctions. Banks now argues that the District Court erred in declining to transfer his petition.

We disagree. Transfer is only appropriate under 28 U.S.C. § 1631 if the transfer is "in the interest of justice." *Id.*; *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989). In determining whether transfer is "in the interest of justice," courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors. *See, e.g., Liriano v. United States*, 95 F.3d 119, 122 (2d Cir.1996) (weighing the litigant's good faith where new habeas statute imposed new procedural requirements and concluding transfer was warranted); *Janicki Logging Co. v. Mateer*, 42 F.3d 561,

567 (9th Cir.1994) (finding that the bad faith actions of the litigant militated against transfer). Given that, as noted above, Banks had already filed so many motions in the District Court for the Southern District of Mississippi that the court threatened to issue sanctions if he continued to do so, we believe that the District Court properly declined to transfer the petition.

## C.  Motions for Reconsideration

■  Next, Banks argues that the District Court erred in denying his "motions for reconsideration because he met the standards for the court to grant and reconsider those motions." (Appellant's Br. 3.) Aside from the general assertion, however, Banks has not identified or presented arguments regarding the specific motions for reconsideration that he believes were improperly denied. As a result, this argument is deemed waived. *See* Fed. R.App. P. 28(a)(9)(A); *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir.2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").[2]

## D.  Motion for a New Trial

■  On June 26, 2008, Banks filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on the ground that he had recently obtained records from the Federal Bureau of Investigations (the "FBI") that would have enabled him to present a successful defense at trial. (Dist. Ct. No. 379; SA175–79.) The District Court denied the motion on the ground that it was not filed within three years of his conviction, as required by Rule 33(b)(1). (Dist. Ct. No. 383; SA190–92.) Banks moved for reconsideration, arguing that the District Court should equitably toll the running of the three-year period because the FBI intentionally refused to produce the documents for several years in order to thwart his attempt to file the present motion within the requisite three-year period. (Dist. Ct. No. 387; SA252.) The District Court construed Banks's argument as one for "excusable neglect" under Rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure and denied relief. (Dist. Ct. No. 430; SA276–92.) The court explained that, even assuming that Banks could demonstrate excusable neglect, he failed to establish that a new trial was warranted on the basis of the documents obtained from the FBI. Banks now challenges the District Court's determination that he failed to meet his burden under Rule 33.

In order to establish that he was entitled to a new trial based on newly discovered evidence, Banks was required to show that: (a) the evidence was, in fact, newly discovered, i.e., discovered since the time of the trial; (b) he acted diligently in attempting to obtain the evidence; (c) the evidence was not merely cumulative or impeaching; (d) the evidence was material to the issues involved; and (e) the evidence was such that, in a new trial, it would probably produce an acquittal. *United States v. DiSalvo*, 34 F.3d 1204, 1215 (3rd Cir.1994).

In his filings, Banks argued that three FBI reports constituted "newly discovered evidence," and that "[e]ach one of these newly discovered records of evidence warrants the granting of this motion because the outcome would have been different had Banks had these records before trial." (Dist. Ct. No. 379; SA175–79.) We disagree.

**2.**  For the same reason, Banks has waived any challenge to the District Court's order from which he filed a notice of appeal but does not address in his brief.

First, with respect to the FBI's report dated February 6, 2003, the District Court correctly concluded that Banks failed to demonstrate that the outcome of his trial would have been different had he obtained it prior to trial, as he failed to even identify which of his convictions—mail fraud, criminal copyright infringement, uttering and possessing counterfeit or forged securities, or witness tampering—was undermined by this evidence. Second, the District Court correctly concluded that the FBI report dated March 27, 2003 did not constitute "newly discovered evidence" under Rule 33 because Banks's trial counsel acknowledged that he was provided with a copy of the same prior to trial. Finally, although Banks contended that the FBI report dated March 13, 2003 would have refuted certain evidence introduced against him at trial, the District Court correctly noted that the evidence that Banks sought to refute was not admitted in the present trial, but was related to his convictions at in a different criminal case. Accordingly, the District Court did not err in denying Banks's motion for a new trial.

### E. Motion to Dismiss for Lack of Jurisdiction

■ On August 18, 2008, Banks filed a motion in the District Court seeking to dismiss the second superseding indictment on the ground that the District Court "never had jurisdiction over him, an Indian, because the crimes were committed outside of 'Indian country;' nor were the crimes charged or covered under the General Crimes Act 18 U.S.C. § 1151 or the Indian Major Crimes Act." (Dist. Ct. No. 396; SA257–58.) Banks now challenges the District Court's order denying the motion.

The District Court properly denied relief. District courts have original jurisdiction over "offenses against the laws of the United States." 18 U.S.C. § 3231. The second superseding indictment in this case charged Banks with three counts of mail fraud, 18 U.S.C. § 1341; one count of copyright infringement, 17 U.S.C. § 506(a)(1) and 18 U.S.C. § 2319(b)(1); one count of money laundering, 18 U.S.C. § 1957; one count of uttering and possessing counterfeit and forged securities, 18 U.S.C. § 513(a); and one count of witness tampering, 18 U.S.C. § 1512(b)(2)(A). Because Banks was thus clearly charged with "offenses against the laws of the United States," there can be no question that the District Court had jurisdiction over Banks's case. See, e.g., United States v. Markiewicz, 978 F.2d 786, 801 (2d Cir. 1992) (denying Indian defendants' claims that the district court lacked jurisdiction over them for federal offenses committed outside of Indian territory).[3]

### F. Motion for Return of Property

■ Banks's final argument on appeal concerns his "Affidavit, Motion for Evidentiary Hearing, and Motion for Return of Property, Fed. R.Crim. Proc. 41(g)." (Dist.Ct. No. 400.) In this motion, Banks claimed that the government had seized his passport during its investigation, and never given it back. The District Court denied the motion on the ground that Banks did not have any ownership interest in his passport. (Dist.Ct. No. 421.) Banks now argues that he was entitled to an evidentiary hearing on his motion.

The District Court properly denied relief. "A Passport at all times remains the property of the United States and must be

---

3. Furthermore, to the extent that Banks argues that he was entitled to "liberal treatment" because of his status as a Lakota Sioux Indian, this argument is without merit; there is no authority for the proposition that he was entitled to liberal construction of the applicable laws because he is allegedly a Native American.

returned to the U.S. Government upon demand." 22 C.F.R. § 51.7(a). In this case, the District Court ordered the passport to be turned over to the United States Probation and Pretrial Services, who transferred it to the United States Department of State. (Dist. Ct. No. 405 at 3). Because the passport remains the property of the United States Government, Banks is not entitled to its return. Furthermore, because there were no questions of fact at issue in Banks's motion, the District Court correctly concluded that it was unnecessary to hold an evidentiary hearing.

### III.

We have reviewed Banks's remaining arguments and conclude that they are without merit. Accordingly, for the foregoing reasons, we will affirm.[4]

---

4. Banks has filed in this Court a "Motion for Hearing to Determine if Laura S. Irwin Should be Held in Contempt" in which he argues that his case should be remanded to the District Court for a contempt hearing because Assistant U.S. Attorney Laura S. Irwin knowingly made false statements in the government's brief. Banks has also filed a "Motion to Take Judicial Notice and Expand the Record" in which he asks this Court to recognize his American Indian heritage. These motions are denied.