**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN WAYNE LACKEY, | No. 08-72357 |
| Petitioner, | FAA No. SE-17863 |
| v. | |
| FEDERAL AVIATION ADMINISTRATION, | |
| Respondent. | |

| | |
|---|---|
| ALLEN WAYNE LACKEY, | No. 08-73188 |
| Petitioner, | FAA No. SE-17864 |
| v. | |
| FEDERAL AVIATION ADMINISTRATION, | |
| Respondent. | |

| | |
|---|---|
| ALLEN WAYNE LACKEY, | No. 08-74804 |
| Petitioner, | FAA No. SE-18000 |

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

FEDERAL AVIATION
ADMINISTRATION,

Respondent.

ALLEN WAYNE LACKEY,

Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

Respondent.

No. 09-70233

FAA No. SE-18006

MEMORANDUM[*]

On Petition for Review of an Order of the
Federal Aviation Administration

Argued October 9, 2009
Submitted July 8, 2010
Pasadena, California

Before: PREGERSON, REINHARDT, and WARDLAW, Circuit Judges.

Allen Wayne Lackey ("Lackey") appeals four separate National

Transportation Safety Board ("NTSB") decisions, each upholding Federal Aviation

Administration ("FAA") suspensions of his Commercial Pilot Certificate

("Certificate"). On October 9, 2009, we consolidated these appeals for all purposes. We have jurisdiction under 49 U.S.C. §§ 1153, 44709(f) and 46110(a). We affirm all four NTSB decisions.

**Standard of Review**

We must uphold an agency action, such as a decision by the NTSB, unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); see also Mendenhall v. N.T.S.B., 92 F.3d 871, 874 (9th Cir. 1996) ("The Court of Appeals reviews the NTSB order in accordance with the Administrative Procedure Act."). Purely legal questions, however, may be reviewed de novo. Janka v. Dept. of Transp., 925 F.2d 1147, 1149 (9th Cir. 1991); Kolek v. Engen, 869 F.2d 1281, 1284-1285 (9th Cir. 1989) (internal citations omitted).

We accord deference to NTSB findings of fact where those findings are supported by substantial evidence in the record. Kolek, 869 F.2d at 1285. We have previously held that errors in agency adjudicative proceedings are grounds for reversal only if substantial and prejudicial. Janka, 925 F.2d at 1152.

**I. No. 09-70233 – 70 day suspension of Lackey's Certificate**

On March 9, 2007, the FAA suspended Lackey's Certificate for 90 days for violations of Federal Aviation Regulations ("FAR") 14 C.F.R. §§ 91.141, 91.103,

and 91.13(a) based on his operation of a helicopter on a passenger-carrying flight from Napa to San Francisco International Airport on April 21, 2006. Because the President of the United States was visiting the area that day, a Notice to Airmen prohibiting flights within a 30-mile radius of San Jose, California, had issued. On March 5, 2008, an Administrative Law Judge ("ALJ") affirmed the order of suspension but reduced the suspension to 70 days. Lackey appealed to the NTSB, which affirmed the ALJ's decision upholding the FAA's suspension of Lackey's Certificate on November 25, 2008.

Lackey argues that: (1) the admission of two exhibits, C-1 and C-2, amounted to prejudicial error; (2) the ALJ's decision was not supported by substantial evidence; and (3) the ALJ was biased against Lackey and abused his discretion.

The ALJ did not err in admitting exhibits C-1 and C-2, which contained maps of the restricted airspace and data from radars tracking flights in the area. The Administrative Procedure Act ("APA") and the Rules of Practice in Air Safety Proceedings ("ASP Rules"), which govern NTSB proceedings, grant ALJs wide latitude in admitting all material and relevant evidence. See 5 U.S.C. § 556(d); 49 C.F.R. § 821.38. An ALJ may exclude evidence under the APA or the ASP Rules where it is irrelevant, immaterial, or repetitious. See 5 U.S.C. § 556(d); 49 C.F.R.

§ 821.38.  Exhibits C-1 and C-2 were relevant and material to the key issue of whether Lackey was inside the Temporary Flight Restricted Area ("TFR").  Even if the ALJ erred in admitting the exhibits, the error was not prejudicial because ample other evidence, including the testimony of three witnesses, supports the finding that Lackey operated his helicopter within the TFR.  See Phoenix Eng'g and Supply, Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1142 (9th Cir. 1997) (a prejudicial error is one which affects the substantial rights of the party raising the issue).

The NTSB's decision is supported by substantial evidence.  Here, the ALJ and the NTSB made the same ultimate finding of fact – that Lackey had entered the TFR on April 21, 2006, without permission.  This finding of fact is supported by substantial evidence, including the testimony of three witnesses.

Nor was the ALJ biased.  Judicial bias is established where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  In re Manoa Finance Co., Inc., 781 F.2d 1370, 1372-73 (9th Cir.1986) (discussing the standard for impartiality for a federal judge).  The bias must result from an extrajudicial source rather than from what the judge learned from his participation in the case.  Id. at 1373.  Where a respondent alleges that the ALJ was biased but fails to support his arguments with any

foundation, the NTSB rejects such assertions.  Nickl, N.T.S.B. Order No. EA-5287, 2007 WL 1590950, at *3-4 (NTSB, May 29, 2007).  Under the ASP Rules, an ALJ has the power to examine witnesses.  49 C.F.R. § 821.35(b)(8).

 Although the ALJ interrupted the questioning and posed his own questions to the witnesses on several occasions, he was consistent in his treatment of both Lackey's counsel and counsel for the FAA.  The ALJ asked questions to clarify the witness's testimony when it was confusing and did not err in asking Lackey's counsel to explain the basis of his evidentiary objections during the hearing.  Further, no bias or prejudice stemmed from an "extrajudicial source."

**II.  No. 08-72357 – 110 day suspension of Lackey's Certificate**

On October 6, 2005, the FAA suspended Lackey's Certificate for 150 days for violations of FAR 14 C.F.R. §§ 135.299(a), 135.293(a), 135.293(b), and 91.13(a) by operating five passenger carrying flights on July 17, 22, 24, and 25, in 2005.  Lackey appealed the FAA's suspension order to an ALJ, which granted the FAA's motion for summary judgment and affirmed the order of suspension but reduced the suspension to 110 days.  On December 31, 2007, the NTSB affirmed the ALJ's decision.

Lackey argues that: (1) the ALJ erred in granting summary judgment to the FAA because the FAA failed to support its motion for summary judgment with

affidavits or other admissible evidence; and (2) the ALJ erred in ruling on the issue of sanctions at summary judgment because there were disputed facts.

The ALJ did not err in granting summary judgment to the FAA. According to both the ASP Rules and the Federal Rules of Civil Procedure ("FRCP"), the FAA was not required to support its motion for summary judgment with affidavits or other admissible evidence. Both Lackey and the FAA agree that the FRCP are instructive in NTSB proceedings. See Kizer, N.T.S.B. Order No. EA 5339, 2007 WL 4178487, at *2 (NTSB, Nov. 19, 2007) (adopting FRCP standards for summary judgment and the federal case law interpreting those rules).

FRCP 56(a) and (b) state that both the party claiming relief and the party against whom relief is sought may move "*with or without supporting affidavits*, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(a),(b) (emphasis added). The ASP Rules provide that "[a] party may file a motion for summary judgment on the basis that the pleadings and other supporting documentation establish that there are no material issues of fact to be resolved and that party is entitled to judgment as a matter of law." 49 C.F.R. § 821.17(d). Because neither the ASP Rules nor the FRCP require a party moving for summary judgment to submit additional documents in support of its motion, the ALJ did not err in granting summary judgment to the FAA.

The ALJ did not err in ruling on the issue of sanctions at summary judgment because there were no disputed facts. Because Lackey admitted to three of his four alleged FAR violations, the only possible dispute was whether Lackey violated FAR 91.13. Because Lackey admitted to other operational violations, he violated FAR 91.13 as a legal matter. See Seyb, N.T.S.B. Order No. EA-5024, 2003 WL 554658, at *2 (NTSB, Feb. 25, 2003) ("charge of carelessness or recklessness under § 91.13(a) is proven when an operational violation has been charged and proven.").

Lackey's operational violations were charged and proven. Because Lackey admitted to all material facts necessary to establish violations of FAR 135.299(a), 135.293(a), and 135.293(b), Lackey's violation of FAR 91.13 is legally established and the NTSB did not err by affirming the ALJ's decision. Lackey also failed to raise the issue of sanctions as a disputed fact. See Doll, N.T.S.B. Order No. EA-3439, 1991 WL 321329, at *2 (NTSB, Oct 29, 1991) (explaining that a "general denial of the facts" is insufficient to defeat a motion for summary judgment).

Further, the NTSB did not err in upholding the ALJ's decision affirming and modifying the suspension period at the summary judgment stage. See, e.g., Barrie, N.T.S.B. Order No. EA 4801, 1999 WL 1044437 (NTSB, Nov. 2, 1999)

(upholding an ALJ decision where the ALJ modified the suspension from 90 to 60 days under summary judgment).

**III. No. 08-73188 – 150 day suspension of Lackey's Certificate**

On October 12, 2006, the FAA suspended Lackey's Certificate for 150 days, alleging that Lackey had: (1) flown without a FAA-approved flight manual on board; (2) failed to comply with two airworthiness directives; (3) transported two passengers who were not essential flight crew; (4) operated an aircraft not in airworthy condition; and (5) operated the aircraft in a way that was careless or reckless so as to endanger the life or property of another. The ALJ found that Lackey violated 14 C.F.R. §§ 91.7, 91.9, 91.9(b)(1), and 91.13(a), and ordered a 120-day suspension. The NTSB affirmed.

The ALJ did not commit prejudicial error by limiting Lackey's cross-examination of the FAA witness based on the parol evidence rule. While the ALJ erred by relying on the parol evidence rule, Lackey was able to adequately question the FAA witness's credibility during cross-examination, and thus was not prejudiced. See Chevron U.S.A. Inc. v. El-Khoury, 285 F.3d 1159, 1165 (9th Cir. 2002) (citing Chavez v. Dir., Office of Workers Comp. Programs, 961 F.2d 1409, 1413 (9th Cir. 1992)). The ALJ found the FAA witness credible when he testified that he could not and did not waive the Flight Manual requirement and discredited

-9-

Lackey's testimony that the FAA witness had given him permission to fly without a Flight Manual.

Nor did the ALJ commit prejudicial error by limiting Lackey's cross-examination of the FAA witness on the term "essential flight crew." Even if the ALJ erred by relying on the parol evidence rule, the ALJ's determination that Lackey flew with individuals aboard who were not "essential flight crew" was based on substantial evidence in the record. The ALJ did not commit prejudicial error by refusing to allow Lackey to pose a hypothetical question to the FAA witness.

The ALJ did not err in finding that Airworthiness Directive 72-19-01 applied to the Bell helicopter Lackey was piloting. "Findings of fact made by the [NTSB] are conclusive when supported by substantial evidence in the record." Janka, 925 F.2d at 1149 (citing 49 U.S.C. App. § 1486(e)). Substantial evidence supports the ALJ's determination that the Airworthiness Directive applied to Lackey's helicopter and that he violated it. The Airworthiness Directive listed the Bell helicopter model that Lackey was piloting. Lackey did not provide evidence to support his claim that certain helicopter components had been replaced, removing it from the directive.

The ALJ's determination that the FAA witness's interpretation of an engine "start" was corroborated by the Flight Manual's instructions and is supported by substantial evidence.

Lackey also appeals the admission into evidence of a DVD showing the helicopter on the morning of September 22, 2005. In air safety proceedings, "all material and relevant evidence should be admitted, but the law judge may exclude unduly repetitious evidence." 49 C.F.R. § 821.38; 5 U.S.C. § 556(d). The DVD was relevant to the proceedings. With respect to the ALJ's decision to view the DVD off-record, Lackey did not object during the proceedings, and does not explain how he was prejudiced by the procedure. The NTSB did not abuse its discretion in upholding the ALJ's admission of the DVD. The ALJ did not abuse its discretion by denying Lackey's motion for a continuance. The "bare-bones" motion did not state with particularity the grounds for the relief requested and was untimely, and Lackey had not made sufficient efforts to secure his witness.

**IV.  No. 08-74804 – 90 day suspension of Lackey's Certificate**

On March 9, 2007, the FAA suspended Lackey's Certificate for 90 days for (1) departing without a takeoff or departure clearance while operating as a pilot on a passenger-carrying flight from Napa County Airport; (2) failing to establish and maintain two-way radio communications with the control tower while operating in

-11-

Class D airspace; and (3) operating the helicopter under Visual Flight Rules in weather conditions below those prescribed by regulations. The ALJ found violations of 14 C.F.R. §§ 91.123(c)(2)(i), 91.129(i), 91.155(a), and 91.13(a), and affirmed the 90-day suspension. The NTSB affirmed.

The ALJ did not abuse its discretion by admitting the audio cassette tape of ATC communications at the Napa County Tower on the day of the events underlying this suspension. First, Lackey failed to object to the admission of the tape. Second, the ALJ's determination that the recording was accurate is supported by substantial evidence. Third, the foundation laid by FAA witness Shannon was proper, and Lackey points to no evidence showing the tape was unreliable or inaccurate.

Nor did the ALJ give undue weight to the tape recording. The ALJ relied as well on the testimony of FAA witness Shannon and the meteorological equipment data. Finally, as the NTSB observed, even without the tape, the evidence would have been sufficient to substantiate the charged violations.

The ALJ did not err by limiting cross-examination regarding the accuracy of the meteorological equipment used to measure the cloud ceiling. The ALJ spoke twice during the cross-examination in response to evidentiary objections, and his resolution of those objections was proper. Lackey has not shown that the ALJ was

biased by any extrajudicial source, nor any extreme behavior indicating the ALJ's inability to render a fair judgment. See In re Manoa, 781 F.2d 1370 at 1373; Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 1999). The NTSB did not abuse its discretion by upholding the ALJ's evidentiary rulings.

We reject Lackey's argument that the ALJ's decision was not supported by reliable, probative, and substantial evidence. Last, Lackey also failed to show that the ALJ abused his discretion in finding Shannon's testimony more credible than Lackey's. "[C]redibility determinations are 'within the exclusive providence of the law judge,' unless the law judge has made the determinations 'in an arbitrary or capricious manner.'" Nickl, 2007 WL 1590950, at *2. The ALJ acted within his discretion when he evaluated the relative credibility of Shannon's and Lackey's testimony and found Shannon's testimony more credible and reliable.

Because substantial evidence supported the ALJ's decision, the NTSB did not err in upholding the ALJ.

## CONCLUSION

All four NTSB decisions are AFFIRMED.

**AFFIRMED.**

-13-